FILED
United States Court of Appeals
Tenth Circuit

October 5, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

WILLIAM LEONARD PICKARD,

        Defendant-Appellant.

_____

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

CLYDE APPERSON,

        Defendant-Appellant.

No. 09-3149
(D.C. Nos. 5:08-CV-04012-RDR
and 5:00-CR-40104-RDR-1)
(D. Kan.)

No. 09-3150
(D.C. Nos. 5:08-CV-04013-RDR and
5:00-CR-40104-RDR-2)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

_____

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

Appellants Clyde Apperson and William Leonard Pickard appeal from the district court's denial, without an evidentiary hearing, of their motions to vacate, set aside, or correct their sentences under 28 U.S.C. § 2255. The district court also denied their applications for a certificate of appealability (COA), and they have each filed an application in this court for a COA. We deny both applications for a COA and dismiss the appeals. We also deny appellants' outstanding motions to supplement the record or remand.

## I. Facts and Procedural History

Appellants each were convicted of one count of conspiracy to manufacture lysergic acid diethylamide (LSD), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and one count of possession with intent to distribute LSD, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Apperson was sentenced to thirty years' imprisonment, and Pickard received a life sentence. We affirmed their convictions on direct appeal in a lengthy opinion. *United States v. Apperson*, 441 F.3d 1162 (10th Cir. 2006). We also denied their petition for rehearing en banc, and the Supreme Court denied their petitions for writ of certiorari. They now seek to appeal from the district court's denial of their motions for relief under 28 U.S.C. § 2255.

## II. Appellants' Applications for a Certificate of Appealability

We must first address appellants' pending applications for a COA because the "[i]ssuance of a COA is jurisdictional." *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005). "A COA should issue if the applicant has 'made a substantial showing of the denial of a constitutional right,' 28 U.S.C. § 2253(c)(2), which [the Supreme Court has] interpreted to require that the 'petitioner *must demonstrate* that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added)). If, however, the district court denied relief on an issue on a procedural ground, without reaching the underlying constitutional claim, then the two-part standard developed in *Slack* applies, and the petitioner must show "'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right,' and that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dulworth v. Jones*, 496 F.3d 1133, 1137 (10th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

"The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also United States v. Springfield*, 337 F.3d 1175, 1177 (10th Cir. 2003). The statute forbids "full

consideration of the factual or legal bases adduced in support of the claims." *Miller-El*, 537 U.S. at 336; *see also Silva*, 430 F.3d at 1100. Further, "in applying for a COA, [a prisoner] is not required to prove the merits of his case, [but] he *must demonstrate* 'something more than the absence of frivolity or the existence of mere good faith' on his part." *Silva*, 430 F.3d at 1100 (quoting *Miller-El*, 537 U.S. at 338) (emphasis added).

"Keeping in mind the standard of review governing a request for a [COA], . . . the district court's legal rulings on a § 2255 motion are reviewed de novo and its findings of fact for clear error." *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000). Under § 2255, the district court is required to conduct an evidentiary hearing "unless the motions and files and records of the case conclusively show that prisoner is entitled to no relief," and the denial of an evidentiary hearing is reviewed for an abuse of discretion. *Kennedy*, 225 F.3d at 1193.

Appellants argue that: (1) the government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), by suppressing its witnesses' criminal and informant backgrounds; (2) the district court erred by failing to expressly address their *Brady/Giglio* claims numbered A.1 through J.2 and failing to address specific claims on a claim-by-claim basis; (3) the district court erred in denying Pickard's claim that the government violated his expectation of privacy by entering the premises near

-4-

Wamego, Kansas, without a search warrant; (4) the district court erred in denying their claim regarding prosecutorial misconduct based on the government's alleged failure to disclose exculpatory evidence and the government's alleged alteration of exhibits; (5) the district court erred in finding that the evidence was sufficient to support the convictions when considering newly discovered evidence; (6) the district court abused its discretion in denying their motion for discovery; (7) the district court abused its discretion in denying their motion to amend and/or correct the record; (8) the district court erred in denying their § 2255 motions without a hearing; and (9) the district court erred in denying their applications for a COA. *See* Aplt. Consol. Br. at 3-4.

We have carefully reviewed appellants' brief and the authorities cited therein in light of the district court's decision and the governing standards for the issuance of a COA. We are not persuaded that the district court failed to address any of their claims. With regard to issues the district court denied on the merits, appellants have not demonstrated a reasonable probability that the outcome would have been different if they had been provided with more impeachment evidence. *See United States v. Bagley*, 473 U.S. 667, 682 (1985). As a result, we are not persuaded that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Kennedy*, 225 F.3d at 1193 (quotation omitted). With regard to issues the district

court denied on a procedural ground, appellants have not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Dulworth*, 496 F.3d at 1137 (quotations omitted). As a result, appellants have not demonstrated that the district court abused its discretion in denying their § 2255 motions without an evidentiary hearing. *See Kennedy*, 225 F.3d at 1193. The request for a COA in both appeals is therefore denied.

### III. Pending Motions

Six of appellants' motions remain to be decided. On November 5, 2009, Pickard filed a "Motion for Remand Regarding Uncontested Motions (Doc. 611, 612) and Unaddressed Claims[,]" and the government filed a response. The motion is denied because Pickard's filing of his notice of appeal one week after he filed the referenced motions divested the district court of jurisdiction to decide them, *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1264 (10th Cir. 2006), and because the motion improperly circumvents the page limit on appellants' opening brief by raising arguments that should have been fully developed in the merits brief.

On November 5, 2009, Pickard filed a "Motion to Supplement the Record and Motion for Remand for Evidentiary Hearing on Recently Released IRS and

FBI Records[,]" and the government filed a response. The motion is denied for two reasons. First, Pickard has not demonstrated that the circumstances of this case constitute the rare exception justifying the exercise of our "inherent equitable power" to supplement the record on appeal with material not presented to the district court. *See Kennedy*, 225 F.3d at 1192. Second, the motion otherwise improperly circumvents our procedures for requesting permission to proceed with a second or successive § 2255 motion. *See United States v. Nelson*, 465 F.3d 1145, 1147-49 (10th Cir. 2006) (holding that any motion containing a habeas claim is subject to the authorization requirements for a second or successive filing); *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (holding that a habeas claim is any claim that "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction").

On December 8, 2009, Pickard filed a "Motion for Leave to Supplement the Record on Appeal[,]" and the government filed a response. The motion is denied because Pickard never identified the exhibits he wished to add to the record, even after we entered an order on January 12, 2010, which, in part, gave Pickard permission to file an addendum with the exhibits he wished to add to the record on appeal.

On February 9, 2010, appellants filed a "Motion to Supplement the Record and Motion for Remand for Evidentiary Hearing on Recently Released

Multi-Agency HIDTA[1] Records[,]" and the government filed a response. The motion is denied because it improperly circumvents our procedures for requesting permission to proceed with a second or successive § 2255 motion.

On May 13, 2010, appellants filed a "Motion to Supplement with Newly Discovered Evidence of 1,089 OCDETF[2]/FBI Records[,]" which included a motion to compel the government to respond on the merits. The motion to supplement with newly discovered evidence is denied. Although appellants ask us to compel the government "to address the issues in the motions, rather than incorrectly characterizing as 'second or successive' the supplemental evidence to an existing claim[,]" May 13, 2010, Mot. to Supp. at 2, they have not made any showing that their motion to supplement with newly discovered evidence is not a second or successive § 2255 motion under Tenth Circuit law. *Cf. Douglas v. Workman*, 560 F.3d 1156, 1187 (10th Cir. 2009) (holding "under the unique circumstances" presented that it was appropriate to treat prisoner's "*Brady* claim as a supplement to the prosecutorial misconduct claims he alleged in his initial habeas petition").

On July 16, 2010, appellants filed a "Motion to Supplement with Discovered Evidence of FBI Records Resolving Claim B.12[.]" The motion is denied because it improperly circumvents our procedures for requesting

---

[1]     High Intensity Drug Trafficking Areas program.

[2]     Organized Crime Drug Enforcement Task Force.

permission to proceed with a second or successive § 2255 motion. Appellants have not shown that their motion to supplement with newly discovered evidence is comparable to "the unique circumstances" that would justify treating it as a supplement to a claim they alleged in their initial habeas petition. *See Douglas*, 560 F.3d at 1187.

## IV. Conclusion

Appellants' applications for a certificate of appealability are denied. All outstanding motions are denied. The appeals are DISMISSED.

Entered for the Court

Jerome A. Holmes
Circuit Judge