**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM LEONARD PICKARD;
CLYDE APPERSON,

Defendants-Appellants.

Nos. 11-3089 & 11-3090
(D.C. Nos. 5:08-CV-04012-RDR,
5:08-CV-04013-RDR and
5:00-CR-40104-RDR-1&2)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

William Leonard Pickard and Clyde Apperson, federal prisoners, have

filed a consolidated application for a certificate of appealability (COA) seeking

to appeal the district court's denial of certain claims they presented in a

Fed. R. Civ. P. 60(b) motion. We deny a COA and dismiss this matter.

I. Background.

Defendants were convicted of conspiracy to manufacture lysergic acid

diethylamide (LSD) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846,

and possession with intent to distribute LSD in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(A). *See United States v. Apperson*, 441 F.3d 1162, 1175

(10th Cir. 2006). Apperson was sentenced to 30 years' imprisonment, and Pickard received a life sentence. *See id.* We affirmed their convictions on direct appeal. *See id.* at 1214.

In 2008 Defendants filed motions under 28 U.S.C. § 2255 to set aside their convictions and sentences. *See United States v. Pickard*, No. 00-40104-01/02-RDR, 2009 WL 939050, at *2 (D. Kan. Apr. 6, 2009). They claimed, among other things, that "the government violated its *Brady/Giglio* obligations by suppressing the criminal and informant backgrounds of certain witnesses, including Gordon Todd Skinner," and that "the government engaged in prosecutorial misconduct by failing to disclose exculpatory evidence. . . ." *Id.* at *4 (referring to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972)). To support their motions, Defendants offered evidence that Mr. Skinner was involved in informant and criminal activity in addition to that disclosed at trial. *See id.* at *5.

The district court ruled that this new evidence was cumulative of the substantial impeachment evidence introduced against Mr. Skinner at trial and that, given the overwhelming evidence of Defendants' guilt, the new evidence would not have caused a different result at trial. *See id.* at *6-*11. It therefore denied relief. *See id.* at *22. Defendants sought review in this court, arguing in part that the district court had "erred by failing to expressly address their *Brady/Giglio* claims . . . and failing to address specific claims on a claim-by-claim basis."

*United States v. Pickard*, 396 F. App'x 568, 571 (10th Cir. 2010). We denied

Defendants a COA. *See id*. at 572.[1]

While the § 2255 appeal was pending, Defendants filed in district court two

Rule 60(b) motions seeking to reopen the § 2255 proceedings. In the first motion

(Doc. No. 637) Defendants alleged defects in the § 2255 proceeding, contending

that the district court had failed to consider (1) numerous *Brady* claims,

(2) corresponding prosecutorial-misconduct claims, (3) discovery requests related

to those claims, (4) the "tendency and force of each *Brady* and prosecutorial

misconduct claim prior to making a cumulative materiality determination," and

(5) two unaddressed motions. Aplts.' App., Vol. 5, at 1399-1400. They also

contended (their sixth claim) that the district court should consider these

unaddressed *Brady* and prosecutorial-misconduct claims anew, in light of newly

discovered evidence presented in their second Rule 60(b) motion.

Defendants' second Rule 60(b) motion (Doc. No. 639), filed the same

day, alleged that they had newly discovered evidence of "substantive undisclosed

FBI and IRS records." *Id*. at 1430. In their § 2255 motion Defendants had sought

an order requiring the government to identify the federal agencies other than the

Drug Enforcement Administration (DEA) that participated in their prosecution.

The district court denied these requests, stating that "the defendants have failed to

---

[1] We note, but do not address, Defendants' motion regarding this COA
denial, filed on October 3, 2011.

point to any evidence showing any involvement by other agencies in the investigation of this case." *Id.* (Further stating that "[t]o the extent that any [*Brady/Giglio*] materials were overlooked, the court does not believe that these materials could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict."). In Doc. 639 Defendants presented evidence that federal agencies other than the DEA had been involved in the investigation of their drug-manufacturing and distribution activities. Defendants argued that the prosecution had failed to disclose the involvement of these agencies in the investigation, and that these agencies might have additional undisclosed impeachment evidence against Mr. Skinner. They asserted that the government's failure to disclose the involvement of other agencies in their investigation constituted fraud on the court.

The district court concluded that in the two Rule 60(b) motions Defendants alleged both procedural and substantive errors in its denial of their § 2255 motion. It ruled that the first five claims in Doc. No. 637 alleged defects in the integrity of the habeas proceedings, rather than challenging the substance of its ruling, and therefore were not new substantive habeas claims requiring prior circuit-court authorization under § 2255(h). But it denied relief on these claims. The court said in response to Defendants' contentions (1) and (2) that it had carefully considered each of the *Brady* and prosecutorial-misconduct claims in its § 2255 ruling; in response to (3), that it had considered Defendants'

prosecutorial-misconduct claims in denying their discovery requests; in response to (4), that it had applied a two-step analysis in finding that Defendants' *Brady* and prosecutorial-misconduct claims "were cumulatively immaterial," *id.* at 1509; and in response to (5), that it had been divested of jurisdiction to consider Defendants' two unopposed motions when Defendants filed their notice of appeal, and that it had dismissed the motions as moot once we had denied a COA.

As for the sixth claim in Doc. 637 and the claims in Doc. 639, all based on the alleged newly discovered evidence of other agency involvement, the district court ruled that these claims required review of the substantive habeas claims that had already been decided on the merits and thus were second-or-successive habeas claims. Because this court had not authorized these claims to be filed under § 2255(h), the court concluded that it lacked jurisdiction to hear them. The district court transferred those claims[2] to this court to give Defendants an opportunity to seek authorization under § 2255(h). Defendants have filed a motion to remand those claims back to the district court, a motion that is being addressed in separate proceedings in this court.

---

[2]     Specifically, the sixth claim in Doc. No. 637 and all the claims in Doc. No. 639.

II. Denial of COA.

A. Consideration of Rule 60(b) Motions in § 2255 Proceedings.

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment in certain circumstances, including mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The availability of Rule 60(b) is limited, however, when a prisoner seeks relief from the denial of a § 2255 motion, because the rule cannot be used to circumvent the requirement that a federal prisoner filing a second-or-successive § 2255 motion must first obtain a certification from the appropriate circuit court that specified stringent criteria have been satisfied. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A Rule 60(b) motion in the § 2255 context may be subject to these criteria if it asserts, or reasserts, a "claim," that is,

> if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). The term "on the merits" refers

> to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § [2255]. When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim.

*Id*. at 532 n.4.  Thus, a Rule 60(b) filing is not subject to § 2255(h)

> if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).

B.  District Court's Denial of Defendants' Procedural Claims.

Defendants seek a COA to challenge the district court's ruling on the issues that it considered procedural.  An allegation that the court failed to address an issue can be raised without authorization under § 2255(h).  *See Spitznas*, 464 F.3d at 1225 (contention that the district court failed to consider one of the habeas claims represents a defect in the integrity of the federal habeas proceedings and thus does not require circuit-court authorization).

We will issue a COA only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations marks omitted).  In particular,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should [not] issue [unless] jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.*

The district court denied Defendants' first five claims in Doc. 637, stating that it had carefully considered each of the *Brady* and prosecutorial-misconduct claims, Defendants' discovery requests, and Defendants' two motions. The court's denial of these claims is not reasonably debatable. In particular, we are satisfied that no reasonable jurist could conclude that the district court erred in ruling that it had addressed all of Defendants' § 2255 claims. Indeed, this court already said as much when, while denying a COA in Defendants' § 2255 appeal, we said that "[w]e are not persuaded that the district court failed to address any of [Defendants'] claims." *Pickard*, 396 F. App'x at 571.

Much of Defendants' brief criticizes how the district court went about analyzing their § 2255 claims. Such criticism, however, amounts to an attack on the merits of the court's decision. Rule 60(b) is a proper means for a prisoner to challenge a district court's failure to consider a claim made in a § 2255 motion; it is not a proper means to challenge the mode of analysis employed by the district court in resolving a § 2255 claim. The latter type of challenge requires prior authorization under § 2255(h). *See Gonzalez*, 545 U.S. at 531-32 & n.5; *Spitznas*, 464 F.3d at 1216. Defendants do not seek such authorization, nor are these challenges based on any new law or evidence that would warrant such authorization. *See* § 2255(h)(1) and (2).

Because no reasonable jurist could debate the district court's denial of the first five Rule 60(b) claims in Doc. 637, we DENY a COA.

Entered for the Court


Harris L Hartz
Circuit Judge