**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

WILLIAM LEONARD PICKARD,

      Defendant - Appellant.

_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CLYDE APPERSON,

      Defendant - Appellant.

No. 11-3277

No. 11-3279

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. NOS. 5:00-CR-40104-RDR-1 and**
**5:00-CR-40104-RDR-2)**

Submitted on the briefs:[*]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument.

William K. Rork, Rork Law Office, Topeka, Kansas, for Defendants - Appellants.

James A. Brown, Assistant United States Attorney, (Barry R. Grissom, United States Attorney, with him on the brief), District of Kansas, Topeka, Kansas, for Plaintiff - Appellee.

---

Before **HARTZ**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

Defendants William Leonard Pickard and Clyde Apperson are federal prisoners who have been pursuing relief under 28 U.S.C. § 2255. They seek review of the district court's decision declining to rule on a motion to unseal documents for use during the postconviction proceedings. The court decided that it lacked jurisdiction to consider the motion because the underlying postconviction proceedings were before this court on appeal. We hold that we lack appellate jurisdiction to review the district court's order because it was not a final order. We also reject Defendants' belated request for mandamus relief.

## I.    BACKGROUND

Defendants were convicted in the United States District Court for the District of Kansas of conspiracy to manufacture lysergic acid diethylamide (LSD), *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and possession with intent to distribute LSD, *see* U.S.C. § 841(a)(1) and (b)(1)(A). We affirmed their convictions on direct appeal. *See United States v. Apperson*, 441 F.3d 1162 (10th

-2-

Cir. 2006). The district court denied their motions for relief under § 2255, and we denied their requests for certificates of appealability on October 5, 2010. *See United States v. Pickard*, 396 F. App'x 568 (10th Cir. 2010). Defendants then filed two motions in district court under Fed. R. Civ. P. 60(b), one claiming various defects in the district-court § 2255 proceedings and the other claiming newly discovered evidence and fraud. On January 24, 2011, the district court denied some of the Rule 60(b) claims and transferred the rest to us as second-or-successive § 2255 motions. *See* 28 U.S.C. § 2244(b)(3).

On March 24, 2011, Defendants filed the motion at issue here, a motion that requested the unsealing of several files relating to a government witness in their prosecution. It alleged that their attorney had possessed unredacted copies of the documents for a few years but needed them to be unsealed for use in several proceedings. The next day Defendants filed their notices of appeal of the district court's January 24 denial of their Rule 60(b) claims. The court had not ruled on the motion to unseal when Defendants filed a motion on August 31 requesting that the district court either rule on the motion to unseal or issue an order showing cause for the delay. The motion asserted that the motion to unseal "influences, and is an outcome of, the continuing 2255 proceedings." Aplts. App. at 145 (Mot. for Ruling or Order Showing Cause at 4, *United States v. Pickard*, No. 00-40104-01-RDR, *United States v. Apperson*, No. 00-40104-02-RDR (D. Kan. August 31, 2011)). On September 7 the district court issued its decision

-3-

declining to rule on the motion to unseal, concluding that it lacked jurisdiction because "the filing of an appeal generally divests the district court of jurisdiction to decide pending motions." *Id.* at 151 (Order at 2, *United States v. Pickard*, No. 00-40104-01/02-RDR (D. Kan. September 7, 2011)). Defendants filed their notices of appeal of that decision on September 16.

## II. ANALYSIS

### A. Jurisdiction

First, we must address our jurisdiction to hear Defendants' appeals. Courts of appeal have jurisdiction over appeals from "final decisions" of the district courts. 28 U.S.C. § 1291. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). The district court's order at issue is clearly not "final" in this sense, because the motion to unseal is still pending.

We recognize, however, that under the collateral-order doctrine some interlocutory orders are considered final even when they do not satisfy the general definition. Collateral orders are final when they "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] [are] effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *accord Mesa Oil, Inc. v. United States*, 467 F.3d 1252, 1254 (10th Cir. 2006) (applying

same test). That doctrine does not benefit Defendants, however, because the disputed question must be a "claim[] of right," *Coopers & Lybrand*, 437 U.S. at 468 n.10, and, as we proceed to discuss, the district court's decision not to rule on the unsealing motion was not a conclusive determination of a disputed claim of right. *See Crystal Clear Commc'ns, Inc. v. Sw. Bell Tel. Co.*, 415 F.3d 1171, 1178 (10th Cir. 2005) (failure on one prong of the collateral-order test is dispositive, so other prongs need not be addressed).

In some situations a district court's decision to delay ruling on an issue may conclusively determine a claim of right. A defendant's claim of qualified immunity, for example, is a claim that the defendant should be protected from "the ordinary burdens of litigation." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992). We have recognized that unless decisions failing to rule on that immunity are immediately appealable, defendants lose the "right to be free from the burdens of pretrial discovery and trial." *Id.* "[P]ostponing a decision on the qualified immunity issue conclusively determines that defendants will not be free from having to stand trial." *Id.* Here, however, the district court's delay did not "finally determine [a] claim[] of right." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). The only alleged right that Defendants have identified—to have the documents unsealed—is not lost by the district court's

-5-

postponement.[1] The district court has indicated that it will rule on the issue once the appeals are no longer pending. And although Defendants suggest that the unsealed documents could be used in various ongoing proceedings, the collateral-order doctrine does not allow a party to appeal an order merely because it creates some inconvenience or disadvantage. *See Boughton v. Cotter Corp.*, 10 F.3d 746, 748 (10th Cir. 1993) ("most interlocutory orders disadvantage or inflict some degree of harm on one of the parties to a litigation" but are not appealable); *Reise v. Bd. of Regents of Univ. of Wis. Sys.*, 957 F.2d 293, 295 (7th Cir. 1992) ("The travail and expense of discovery and trial cannot be reversed at the end of the case, yet this has never been thought sufficient to allow pre-trial appeals."). The burdens on the justice system from interlocutory appeals would be excessive if the collateral-order doctrine were improperly expanded. *See Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 605 (2009) (employer could not invoke collateral-order doctrine to appeal order to disclose information allegedly protected by attorney-client privilege). Because Defendants have identified no legal right that was conclusively decided by the district court's delay in ruling, the district court's order is not appealable under the collateral-order doctrine.

## B. Mandamus Review

---

[1]We note that Defendants are simply incorrect in suggesting that the district court has ruled on and denied their motion to unseal.

Alternatively, Defendants' reply brief asks us to construe their notice of appeal as a petition for a writ of mandamus under 28 U.S.C. § 1651(a). Despite the tardiness of this request, we may grant it if they have standing and have substantially complied with the requirements of Fed. R. App. P. 21(a). *See United States v. McVeigh*, 119 F.3d 806, 809 & n.4 (10th Cir. 1997) (request that notice of appeal be treated as petition for mandamus not made until reply brief); *Clyma v. Sunoco, Inc.*, 594 F.3d 777, 780–81 (10th Cir. 2010). But even if we assume that those prerequisites have been satisfied,[2] Defendants are not entitled to mandamus relief. "Mandamus will issue only in those exceptional cases where the inferior court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute a judicial usurpation of power. The party seeking the writ must show that the right to the writ is clear and indisputable." *Pacificare of Okla., Inc. v. Burrage*, 59 F.3d 151, 153 (10th Cir. 1995) (citation and internal quotation marks omitted).

---

[2] We cannot, of course, assume that Defendants have Article III standing. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) (rejecting hypothetical jurisdiction). But there is little doubt that Defendants have Article III standing to seek the unsealing of documents in the file because they claim a First Amendment interest in communicating information that they already have. *See In re Special Grand Jury*, 450 F.3d 1159, 1172–73 (10th Cir. 2006). The sole controversy over standing to challenge sealing of court records has related to third parties seeking disclosure. *See*, *e.g.*, *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994) (ruling that intervenors have standing).

Defendants have not established this predicate for mandamus relief. The district court was probably correct—not clearly incorrect—in concluding that it lacked jurisdiction. As we have stated:

> [T]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and *divests the district court of its control over the those aspects of the case involved in the appeal.* This rule is a judge-made doctrine, designed to promote judicial economy and avoid the confusion and inefficiency that might flow from putting the same issue before two courts at the same time.

*United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011) (citation and internal quotation marks omitted) (emphasis added). Defendants asserted to the district court that the motion to unseal "influences, and is an outcome of the continuing 2255 proceedings," Aplts. App. at 145 (Mot. for Ruling or Order Showing Cause at 4, *Pickard*, No. 00-40104-01-RDR, *Apperson*, No. 00-40104-02-RDR); and the pending appeals concerned their Rule 60(b) motions in those proceedings. Thus, one could infer that the motion to disclose involved matters to be addressed in the pending appeals. Because Defendants' own assertions indicated the applicability of the general rule that a notice of appeal divests the district court of jurisdiction, it was hardly an abuse of power for the district court to conclude that it had lost its jurisdiction to decide the unsealing motion. *See Madrid*, 633 F.3d at 1227 (recognizing the importance of "fairly clear guidelines regarding the division of labor between the district court and the court of appeals"). We decline to grant a writ of mandamus.

## III.   CONCLUSION

We DISMISS the appeal and DENY the request for a writ of mandamus.