FILED
United States Court of Appeals
Tenth Circuit

July 2, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

REBECCA L. MAYS,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

        Defendant-Appellee.

No. 11-5103
(D.C. No. 4:10-CV-00506-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Rebecca L. Mays appeals from orders denying her motions to remand to the

Social Security Administration and to alter or amend the order denying remand.

Upon our request, the parties filed memorandum briefs addressing whether the orders

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

are final and appealable. Because no final, appealable order has been entered, we dismiss this appeal for lack of jurisdiction.

Ms. Mays sought review in the district court of the Social Security Commissioner's denial of disability benefits. After the Commissioner filed the administrative record, Ms. Mays filed a motion to remand for a de novo administrative hearing pursuant to 42 U.S.C. § 405(g). She asserted that the administrative record improperly included an incorrect, withdrawn page and omitted the corrected, substituted page of her doctor's report.

The magistrate judge denied the motion to remand, finding the omitted page was not material and would not have a reasonable likelihood of changing the administrative decision.[1] The magistrate judge set a briefing schedule. Rather than file a brief, Ms. Mays filed a motion to alter or amend. The magistrate judge denied the motion. Ms. Mays appealed.

We have jurisdiction to review a district court's final decision. 28 U.S.C. § 1291. A final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Riley v. Kennedy*, 553 U.S. 406, 419 (2008); *see Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005) ("A final judgment is one that terminates all matters as to all parties and causes of action." (internal quotation marks omitted)).

---

[1] Upon the parties' consent, the case was referred to the magistrate judge to conduct all proceedings and to order entry of final judgment.

The orders denying the motion to remand and the motion to alter or amend that order did not end the litigation on the merits and leave the magistrate judge with nothing to do but execute a judgment. Rather, the magistrate judge set a briefing schedule so the case could continue to final judgment. Clearly, the magistrate judge has not reviewed the merits of the administrative denial of benefits and has not entered a final judgment. The orders therefore are not final under § 1291.

Nor are they appealable under the collateral order exception to the final judgment rule. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). Under that exception, a small number of interlocutory orders may qualify as final under § 1291 if the orders "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *see also United States v. Pickard*, 676 F.3d 1214, 1217 (10th Cir. 2012) ("[T]he collateral-order doctrine does not allow a party to appeal an order merely because it creates some inconvenience or disadvantage."). Because all three of these factors must be shown, if one is not met, we need not address the other two. *Magic Circle Energy 1981-A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.)*, 889 F.2d 950, 954 (10th Cir. 1989).

Here, we need only address the third factor, and we conclude that collateral review is not available because future review is still possible. *See id.* The magistrate judge's orders denying the motions to remand and to alter and amend are reviewable

upon entry of final judgment after the magistrate judge reviews the merits of the Commissioner's denial of social security disability benefits. *See Miami Tribe of Okla. v. United States*, 656 F.3d 1129, 1137 (10th Cir. 2011) ("Through an appeal of a final judgment, a party can obtain appellate review of both the final judgment and any interlocutory orders."); *cf. Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999) ("This court has jurisdiction over a denial of a motion to remand to state court when coupled with the appeal of a final judgment." (internal quotation marks omitted)). Thus, we conclude the collateral order exception does not apply to this case.[2]

Accordingly, we DISMISS this appeal.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[2] Because we lack jurisdiction over this appeal, we need not address Ms. Mays' argument that the allegedly inaccurate record denied her due process.