BLD-151                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4020
_____

FREDERICK H. BANKS,
                                        Appellant

v.

AN UNKNOWN NAMED NUMBER OF FEDERAL JUDGES AND
UNITED STATES COVERT GOVERNMENT AGENTS;
JUDGE JOY FLOWERS CONTI; JUDGE THOMAS HARDIMAN;
JUDGE NORA B. FISCHER;
UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT;
UNITED STATES OF AMERICA; FBOP;
ATTORNEY GENERAL UNITED STATES OF AMERICA; CHARLES SAMUELS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-13-cv-02095)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 9, 2014

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Filed: April 1, 2014)
_____

OPINION
_____

PER CURIAM

Appellant Frederick Banks, proceeding pro se, appeals from the District Court's order dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). For the reasons that follow, we will dismiss Banks' appeal pursuant to § 1915(e)(2)(B)(i) as well.

In August 2013, Banks filed a complaint in the District Court against Judge Joy Flowers, Judge Thomas Hardiman, Judge Nora Barry Fischer, the United States Court of Appeals for the Third Circuit, the United States of America, the FBOP, Eric Holder and Charles Samuels, as well as "an unknown named number of federal judges and United States covert government agents." Banks alleged that "in 2013 and previously to that Defendants used a technology known as 'Voice to Skull' to harass him for lawsuits that were filed against Federal Agents and US District Judges." Compl. at 1, ¶ 1. Banks sought $650 million in damages for the harassment and an order enjoining the defendants from engaging in this activity. Id. at 2, ¶ 5.

After granting Banks in forma pauperis status, the District Court screened his complaint for legal sufficiency pursuant to 28 U.S.C. § 1915(e)(2). The court then found that Banks' allegations that defendants are using a technology known as "Voice to Skull" to harass him are factually frivolous within the meaning of § 1915(e)(2)(B)(i), because they are "wholly incredible and delusional." See D. Ct. Mem. Op. at 4. The District Court further found that the complaint was incapable of being cured by amendment given the incredible and delusional nature of Banks' allegations. Id. at 5. Accordingly, the District Court dismissed the complaint as frivolous pursuant to § 1915(e)(2)(B)(i). This timely appeal followed.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of the complaint under § 1915. [1] See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). Because Banks has been granted leave to proceed in forma pauperis on appeal, we must determine whether the appeal is subject to dismissal as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We agree with the District Court that Banks' allegations are delusional and irrational in nature, and we conclude that they were properly dismissed as frivolous. In light of the nature of his factual allegations, we further find no error with the District Court's determination that allowing Banks to amend his complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002) ("dismissals of frivolous claims do not require leave to amend due to the long tradition of denying leave to amend under Rule 15(a) when amendment is inequitable or futile"). Accordingly, the District Court appropriately dismissed his complaint with prejudice.

Because we conclude that this appeal is legally frivolous, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] Banks also sought reconsideration of the order of dismissal. The District Court denied Banks' reconsideration motion in an order entered on November 5, 2013. Banks did not file an amended notice of appeal. Accordingly, that subsequent order is not within the scope of this appeal. See Fed. R. App. P. 4(a)(4)(B)(i).