BLD-272                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1756
_____

UNITED STATES OF AMERICA,


v.

FREDERICK H. BANKS,
                                                           Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-03-cr-00245-001)
District Judge:  Honorable Nora B. Fischer

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 8, 2017

Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: July 14, 2017)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Frederick Banks appeals the District Court's order denying his motion to unseal records in his criminal case. For the reasons below, we will summarily affirm the District Court's order.

In four criminal cases, including one ongoing criminal proceeding, Banks filed a document titled "Petition to Make U.S. Probation Office Records Public and to Unseal all Sealed Documents including Mental Evaluations and FISA Materials (to disclose) 50 USC § 1806(f)." In the order appealed here, the District Court denied the motion only with respect to Crim. No. 03-245. It noted that there were no sealed mental health evaluations or FISA [Foreign Intelligence Surveillance Act, 50 U.S.C. § 1801 et seq.] warrant materials filed in that case.

The District Court did not err in denying Banks's motion. The criminal proceedings below were completed years ago, and Banks has finished serving his sentence. Banks has not shown that he has standing to seek the unsealing of any documents in the District Court record, i.e., that he has suffered a specific, concrete injury as a result of the sealing and that unsealing the documents would redress that injury. See United States v. Pickard, 733 F.3d 1297, 1301 (10th Cir. 2013); see also Hollingsworth v. Perry, 133 S. Ct. 2652, 2661 (2013). Banks has pointed to no sealed evidence that was used against him at trial. To the extent that any sealed documents from the closed criminal proceedings at issue here are relevant to the pending criminal proceeding, defense counsel may request them within that proceeding.

2

Banks argued that he has standing because he participates in debates about the scope of law enforcement and the Probation Office's records would provide insight into its activities. Banks asserted that the Probation Office is involved in a scheme with the CIA to use "Voice to Skull" technology to transmit messages directly into one's brain. However, he admits that he has no evidence of this. We have previously described similar allegations by Banks as "delusional and irrational." See Banks v. An Unknown Named Number of Federal Judges and United States Covert Gov't Agents, 562 F. App'x 133, 134 (3d Cir. 2014). An inability to debate and speculate on the Probation Office's activities is not a specific, concrete injury that confers standing. See Hollingsworth, 133 S. Ct. at 2662 (generalized grievance insufficient to confer standing).

Moreover, Banks has not shown that there are any mental health evaluations or FISA warrant materials to be unsealed. Banks did not point to any evidence used against him at trial which might have been obtained pursuant to the FISA.[1] With respect to the Probation Office's records, the District Court docket indicates that the presentence report was disclosed to Banks and his defense counsel. Banks filed several motions addressing the presentence report: a motion to modify (docket entry #142), an objection (#146), an

---

[1] Banks was convicted for his selling illegally copied versions of copyrighted software online. In affirming his conviction on direct appeal, we did not mention any evidence used against Banks that might have been obtained pursuant to the FISA. United States v. Vampire Nation, 451 F.3d 189, 192-94 (3d Cir. 2006). The Government's brief on appeal details the evidence against Banks, and none appears to have been obtained through the FISA. Brief for Appellee, United States v. Vampire Nation, Nos. 05-1715 & 05-3047, 2005 WL 5988328 (3d Cir. 2005).

additional objection (#150), a motion to strike (#154), a motion to make an addendum (#156), and further objections (#164).

Summary action is appropriate if there is no substantial question presented in the appeal. <u>See</u> Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court's order. <u>See</u> Third Circuit I.O.P. 10.6.