12-4221(L)
United States v. Jiau

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand thirteen.

PRESENT: GERARD E. LYNCH,
SUSAN L. CARNEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,
            *Appellee*,

        v.                                             Nos.12-4221 (Lead)
                                                            12-4908 (Con)

WINIFRED JIAU, also known as Sealed Defendant 1,
            *Defendant - Appellant.*\*

_____

APPEARING FOR APPELLEE:        DAVID I. MILLER, Assistant United States Attorney (Jenna M. Dabbs, Andrew Adams, Diane Gujarati, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

_____

\* The Clerk of Court is respectfully directed to amend the caption to conform to that above.

APPEARING FOR APPELLANT:     RANDA DEA MAHER, Law Office of Randa D. Maher, Great Neck, New York.

Appeal from the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that these consolidated appeals are DISMISSED.

Defendant-appellant Winifred Jiau ("Jiau") has filed separate notices of appeal from an order dated September 19, 2012, placing her *pro se* motion to Vacate, Set Aside, or to Correct Sentence, pursuant to 28 U.S.C. § 2255 on the suspense calendar, and from an amended order dated October 8, 2012, denying the motion without prejudice to renewal after her direct appeal to this Court is resolved. At the time of her § 2255 motion, Jiau had already appealed her underlying conviction and sentence to this Court. That separate appeal is still pending. The appeals from the underlying orders were consolidated, and Jiau, now represented by counsel, contends that the district court abused its discretion by denying Jiau's § 2255 motion without prejudice during the pendency of her direct appeal. We assume the parties' familiarity with the remaining facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

Our jurisdiction to review a denial of a petition under § 2255 is constrained by 28 U.S.C. § 2253, which governs appeals in habeas corpus proceedings. Unless a circuit justice or judge issues a certificate of appealability, an appeal from a denial of relief under § 2255 may not be taken to the court of appeals. 28 U.S.C. § 2253(c)(1). "When, as here,

2

the district court denies relief on procedural grounds, the petitioner seeking a COA must show both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Gonzalez v. Thaler, 132 S.Ct. 641, 648 (2012) (emphasis added) (internal quotation marks omitted). The requirement of a certificate of appealability is jurisdictional. Id. at 649. Jiau's notice of appeal from the district court's dismissal order seeks such a certificate.

We need not decide whether Jiau's underlying petition makes a substantial showing of the denial of a constitutional right, because the district court's procedural decision to deny the motion during the pendency of her direct appeal was discretionary, and there is no plausible argument that the district court abused its discretion. Following a conviction and sentence, a defendant may petition for a writ of habeas corpus in order to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255(a). Such petitions, however, are "not a substitute for direct appeal." United States v. Dukes, 727 F.2d 34, 41 (2d Cir. 1984). Thus, habeas petitions "filed before the petitioner has exhausted his direct appeal are generally considered premature." Wall v. United States, 619 F.3d 152, 154 (2d Cir. 2010). Although there is "no *jurisdictional* bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," United States v. Outen, 286 F.3d 622, 632 (2d Cir. 2002), concerns for judicial economy generally counsel against adjudicating such motions, id. (noting that "results on direct appeal may make the district court's efforts on the § 2255 motion a nullity"). See also United States v. Vilar, 645 F.3d

3

543, 548 (2d Cir. 2011) ("Absent a showing that the habeas application is much more promising, judicial economy would seem to favor pursuing the direct appeal first."). We review a district court's denial of a hearing under § 2255 for abuse of discretion. Chang v. United States, 250 F.3d 79, 82 (2d Cir. 2001).

On this record, we cannot conclude that the district court abused its discretion in declining to adjudicate Jiau's petition until her direct appeal had been decided. First, the issues raised on Jiau's direct appeal substantially overlap with the issues raised in her § 2255 petition. Second, there has been no showing that the habeas petition is "more promising" than her direct appeal. Vilar, 645 F.3d at 548. Third, because the remedy that Jiau seeks in her § 2255 motion is a new trial, Jiau's direct appeal could render the adjudication of that motion a nullity. See Outen, 286 F.3d at 632. Under these circumstances, the district court's denial of the motion without prejudice, pending resolution of her appeal, was well within its discretion. Because the district court was not *required* to adjudicate Jiau's § 2255 petition during the pendency of her direct appeal, it follows that Jiau has not shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000); see 28 U.S.C. § 2253(c).

That result is not dependent on the particular procedural device utilized by the district court to postpone consideration of the petition. "[D]istrict courts possess the inherent power and responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases." In re World Trade Ctr. Disaster Site Litig., 722 F.3d

4

483, 487 (2d Cir. 2013) (internal quotation marks omitted).  Whether the proceeding is stayed, placed on the suspense calendar (as the district court initially ordered, leading to the appeal docketed as No. 12-4221), or dismissed without prejudice to refiling after the petitioner's direct appeal is concluded (as the district court ultimately ordered, leading to the appeal docketed as No. 12-4908), the substantive effect is the same: the district court has merely entered orders embodying the discretionary decision to postpone adjudication of the § 2255 petition pending appeal.

Accordingly, it is hereby ORDERED that Jiau's pending motion for a certificate of appealability is DENIED, and the appeals are DISMISSED for lack of jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5