FILED
United States Court of Appeals
Tenth Circuit

November 5, 2013

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENForth CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

WILLIAM LEONARD PICKARD, and
CLYDE APPERSON,

     Defendants - Appellants.

Nos. 12-3142 & 12-3143

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 5:00-CR-40104-RDR-1-2)

William K. Rork, Rork Law Office, Topeka, Kansas, for Defendants-Appellants.

James A. Brown, Assistant United States Attorney (Barry R. Grissom, United States
Attorney, with him on the brief), Topeka, Kansas, for Plaintiff-Appellee.

Before **TYMKOVICH, EBEL,** and **MATHESON,** Circuit Judges.

**EBEL**, Circuit Judge.

     Defendants-Appellants William Pickard and Clyde Apperson appeal the district

court's decision to deny their motion to unseal the Drug Enforcement Administration

("DEA")'s file on one of its confidential informants.  Having jurisdiction under 28 U.S.C. § 1291, we conclude the district court erred in the manner in which it denied Defendants' motion to unseal the file, for three reasons: The court 1) failed to require the United States to articulate a significant interest in continuing to keep the DEA records sealed; 2) did not apply the presumption that judicial records should be open to the public; and 3) did not consider whether unsealing a redacted version of the DEA records would adequately serve the as yet unarticulated government interest in keeping the records sealed.  For these three reasons, we reverse the district court's decision to deny Defendants' motion to unseal the records and remand for the district court's further consideration of that motion.

## I.  BACKGROUND

In 2003, a jury convicted Defendants of several drug offenses.  See United States v. Apperson, 441 F.3d 1162, 1175 (10th Cir. 2006).  At the trial, one of Defendants' accomplices, Gordon Todd Skinner, testified against them.  Id. at 1175-77, 1210. Skinner had acted as a confidential informant for the DEA during part of the time that he was involved with Defendants in their criminal conduct.  Id. at 1175-77.  The Government filed the DEA's confidential informant file on Skinner with the district court and, during the trial, the court ordered the Government to turn that file over to the defense.  At the same time, the court ordered the DEA file sealed.[1]  Eight years later, in

_____

[1] On appeal, Defendants assert that the district court abused its discretion in originally sealing the file.  We decline to address this argument, which Defendants did not raise in

March 2011, Defendants filed the motion at issue here, seeking to have the DEA file on Skinner unsealed so they could use this information, among other ways, as exhibits in ongoing litigation under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Defendants properly made their motion to unseal to the district court. A court has authority to seal documents before it, based upon the court's inherent supervisory authority over its own files and records. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978); United States v. Holy Land Found. for Relief & Dev., 624 F.3d 685, 689-90 (5th Cir. 2010); Gambale v. Deutsche Bank AG, 377 F.3d 133, 140-41 (2d Cir. 2004). A court can order documents sealed if the party moving for sealing is able to show "some significant interest that outweighs the presumption" in favor of open access to judicial records. Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012) (internal quotation marks omitted). Once a court orders documents before it sealed, the court continues to have authority to enforce its order sealing those documents, as well as authority to loosen or eliminate any restrictions on the sealed documents. See United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427-28 (10th Cir. 1990); see also Gambale, 377 F.3d at 141 (2d Cir.) (citing Poliquin v. Garden Way, Inc., 989 F.2d 527, 535 (1st Cir. 1993)). This is true even if the case in which the documents were sealed has ended. See United Nuclear Corp., 905 F.2d at 1427-28; see also Gambale, 377 F.3d at 141-42 (2d Cir.).

---

their motion to unseal. See Ochoa v. Workman, 669 F.3d 1130, 1146 n.15 (10th Cir. 2012), cert. denied, 133 S. Ct. 321 (2012).

In this case, the district court, although acknowledging that at least some of the sealed information had already been made public, nevertheless denied Defendants' motion to unseal the DEA records. Defendants appeal that decision.[2]

## II. THRESHOLD JURISDICTIONAL QUESTIONS

As threshold matters, the United States argues that Defendants lack Article III standing to seek to have the DEA records unsealed and that that motion is, in any event, moot. We disagree.

Standing "requires the litigant to prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." Hollingsworth v. Perry, 133 S. Ct. 2652, 2661 (2013). Mootness is standing in the context of time, requiring that "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout [the litigation's] existence." Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997).

Here, Defendants have alleged an actual injury: they cannot use the information in the sealed documents. And they want to use that information in a variety of ways.[3] That

---

[2] This court previously determined that Defendants do not need to obtain a certificate of appealability ("COA"), see 28 U.S.C. § 2253(c), in order to appeal the district court's decision denying their motion to unseal because that motion is separate from any challenge to their convictions and sentences under 28 U.S.C. § 2255. See United States v. Pickard, Nos. 12-3142, 12-3143, Order (10th Cir. Oct. 2, 2012).

[3] We have recently been advised that Pickard's Freedom of Information Act ("FOIA") litigation in the District of Arizona has been dismissed, but we do not know whether that

injury is traceable to the district court's order sealing the DEA records during Defendants' trial. And an order from the district court unsealing the documents will redress Defendants' injury. This is sufficient to establish Defendants' standing to seek to have the DEA documents unsealed. See United States v. Pickard, 676 F.3d 1214, 1218 n.2 (10th Cir. 2012) (holding, in mandamus action in these same proceedings, that "there is little doubt that Defendants have Article III standing to seek the unsealing of documents in the file because [Defendants] claim a First Amendment interest in communicating information that they already have") (citing In re Special Grand Jury 89-2, 450 F.3d 1159, 1172-73 (10th Cir. 2006)).

The Government complains that Defendants do not intend to use the unsealed documents in any proceedings in their criminal case. Nevertheless, Defendants must seek redress for their injury—the inability to use this sealed information—through a motion to the court that sealed the documents, asking that court to unseal them. See United Nuclear Corp., 905 F.2d at 1427.

The Government further contends that Defendants' motion to unseal the DEA documents is moot because Defendants already have the sealed information. Even if that is correct, Defendants remain bound by the district court's order sealing the documents and so they still cannot use that information until the court unseals the documents. Therefore, their motion to unseal the documents is not moot. See Ameziane v. Obama,

_____

dismissal is being appealed or the terms of the dismissal. In any event, Pickard and Apperson allege a variety of ways in which they desire to use these records, including a further attack on their convictions and future FOIA litigation.

620 F.3d 1, 4-5 (D.C. Cir. 2010). Because Defendants, thus, have standing to move the district court to unseal the DEA documents, and because their request is not moot, we turn to the district court's denial of the motion to unseal.

## III. DISCUSSION

### A. Standard of review

We review for an abuse of discretion the district court's decisions regarding whether to seal or unseal documents. See Colony Ins., 698 F.3d at 1241 n.28 (10th Cir.) (decision to seal); see also Nat'l Org. for Marriage v. McKee, 649 F.3d 34, 70 (1st Cir. 2011) (decision to unseal). But we review de novo the legal principles that the district court applied in considering such a motion. See United States v. Wecht, 484 F.3d 194, 208 (3d Cir. 2007); see also Ameziane, 620 F.3d at 5 (D.C. Cir.). Of course, applying incorrect legal principles is an abuse of discretion. See ClearOne Commc'ns, Inc. v. Bowers, 643 F.3d 735, 773 (10th Cir. 2011).

### B. Common law right of access to judicial documents generally[4]

"Courts have long recognized a common-law right of access to judicial records."[5]

---

[4] Defendants assert that they have a right to have the DEA records unsealed under both the common law and the First Amendment. Because we conclude that Defendants can seek to have the DEA records unsealed under the common law, we have no occasion here to address whether they also have a First Amendment right to have the DEA file unsealed. See Colony Ins., 698 F.3d at 1241 n.27 (noting "the Supreme Court has not yet ruled on whether there is also a constitutional right of access to court documents and, if so, the scope of such a right") (internal quotation marks, alterations omitted). Further, because Defendants do not reassert on appeal their argument that they have a Sixth Amendment right to have the DEA documents unsealed, we do not address that argument, either.

6

Colony Ins., 698 F.3d at 1241 (internal quotation marks omitted). Although this "right is not absolute," id. (internal quotation marks omitted), there is a "strong presumption in favor of public access," Mann v. Boatwright, 477 F.3d 1140, 1149 (10th Cir. 2007). That is particularly so where the district court used the sealed documents "to determine litigants' substantive legal rights." Colony Ins., 698 F.3d at 1242. Here, at the very least, the court appeared to have had some familiarity with Skinner's file when it ruled on evidentiary objections to Skinner's testimony. Nevertheless, this strong presumption of openness can "be overcome where countervailing interests heavily outweigh the public interests in access" to the judicial records. Id. at 1241 (internal quotation marks omitted). Therefore, the district court, in exercising its discretion, must "weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011) (internal quotation marks omitted).

"The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption." Id. (internal quotation marks omitted); see also Colony Ins., 698 F.3d at 1241. Consistent with this presumption that judicial records should be open to the public, the party seeking to keep records sealed bears the burden of justifying that secrecy, even where, as here, the district court already previously determined that those documents should be sealed. See Riker v. Fed. Bureau of Prisons, 315 F. App'x 752, 753-55 (10th

---

[5] The Government assumes that the DEA file is a judicial record. And we agree.

Cir. 2009) (unpublished); see also United States v. Antar, 38 F.3d 1348, 1362-63 (3d Cir. 1994); cf. Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1181-82 (9th Cir. 2006) (party opposing unsealing of sealed documents filed pursuant to stipulated protective order bears burden of showing why documents should remain sealed); Gambale, 377 F.3d at 142 (2d Cir.) (same). But see Fed. Trade Comm'n v. Abbvie Prods. LLC, 713 F.3d 54, 66 (11th Cir. 2013) (holding that a party seeking to modify a protective order to unseal documents had the burden of demonstrating good cause for doing so); Cnty. Materials Corp. v. Allan Block Corp., 502 F.3d 730, 739-40 (7th Cir. 2007) (holding that a party seeking to have documents unsealed had the burden of showing that it was prejudiced by the court's denial of motion to unseal). In this case, therefore, the burden is on the Government, as the party opposing disclosure of the DEA records, to articulate a sufficiently significant interest that will justify continuing to override the presumption of public access to the DEA records at issue here.

## C. The district court erred in its consideration of Defendants' motion to unseal the DEA records

Applying those legal principles here, we conclude that the district court erred in the manner in which it considered Defendants' motion to unseal the DEA file, in three ways:

### 1. The Government did not articulate a significant government interest in keeping the DEA documents sealed

The burden was on the Government to articulate a significant interest that outweighs the presumption of public access to the DEA records, see Helm, 656 F.3d at

8

1292, and here the Government, in opposing Defendants' motion to unseal, did not

articulate any such interest. We can imagine possible government interests that might be

in play here that could justify continuing to keep at least a portion of these DEA records

sealed.[6] But the Government did not expressly articulate such an interest, and it is the

Government's burden to do so.

## 2. The district court's order did not apply the presumption that judicial records should be open to the public

The district court, instead of requiring the United States to articulate a significant

government interest to justify keeping the DEA documents sealed, incorrectly placed the

burden on Defendants to proffer a compelling reason why they needed to have the

documents unsealed:

> The defendants have failed to indicate exactly why these documents now
> need to be unsealed. They have not specifically explained what information

---

[6] See United States v. Bus. of Custer Battlefield Museum and Store, 658 F.3d 1188, 1195 n.5 (9th Cir. 2011) (recognizing that "the need to protect the identities and safety of confidential informants" and "the need to protect an ongoing investigation" may require redaction of warrant materials, post-indictment, or sealing them entirely); Goff v. Graves, 362 F.3d 543, 550 (8th Cir. 2004) (sealing documents in inmate civil litigation in order to protect confidential informants from retaliation); United States v. Wright, 343 F.3d 849, 858 (6th Cir. 2003) (sealing indictment to protect confidential informant and ongoing investigation); United States v. Yousef, 327 F.3d 56, 168 (2d Cir. 2003) (sealing documents to protect confidential informants and to keep secret how Government investigates and responds to terrorist threats); cf. United States v. Hickey, 767 F.2d 705, 706, 708-09 (10th Cir. 1985) (sealing criminal defendant's plea bargain in order to protect his relocation in witness protection program). See generally Roviaro v. United States, 353 U.S. 53, 59-62 (1957) (discussing "Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law" in order to further "the public interest in effective law enforcement").

in any of the documents is necessary for them to use in any appropriate legal proceeding. The court remains convinced that information concerning confidential informants should remain private absent a compelling reason. The court recognizes that much of Skinner's life has been placed under the microscope in this case, but we see no need for any further examination of his past. The court finds that the defendants have not sufficiently demonstrated the need for unsealing these documents. The defendants have also failed to adequately show why the public has any interest in these documents.

(Aplt. App. at 208.) Placing the burden on Defendants to show a compelling reason why the documents should be unsealed is contrary to the presumption favoring public access to judicial records. See Nat'l Org. for Marriage, 649 F.3d at 71 (1st Cir.) (noting that the argument that the district court erred in unsealing documents without making a "finding of true necessity" for unsealing "flips the proper analysis on its head," because "[t]he presumption here favors openness, and a court need make no finding, let alone one of 'true necessity'"); Kamakana, 447 F.3d at 1181-82, 1182 n.9 (9th Cir.) (rejecting the argument that the court failed to articulate its reasons for unsealing the record on the basis that such an "approach is upside down," because "[t]he judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing," and "[a] failure to meet that burden means that the default posture of public access prevails"). The district court, therefore, erred in failing to apply the presumption of public access to judicial records. Further, the court improperly placed the burden on Defendants to proffer a significant reason to unseal the DEA file, instead of placing the burden on the Government to show a significant reason sufficient to justify overriding the presumption of open access.

10

**3. The district court did not consider whether unsealing redacted versions of the DEA records would adequately serve the as yet unarticulated government interest in keeping these documents sealed**

Even assuming the United States can articulate a significant government interest that is sufficient to overcome the presumption in favor of public access to all the DEA records at issue here, the district court did not consider whether selectively redacting just the still sensitive, and previously undisclosed, information from the sealed DEA documents and then unsealing the rest of the DEA file would adequately serve the government's interest. See Bus. of Custer Battlefield Museum, 658 F.3d at 1195 & n.5 (9th Cir.) (noting that, "[i]n many cases, courts can accommodate [the government's] concerns by redacting sensitive information rather than refusing to unseal the materials entirely"); see also Goff, 362 F.3d at 550 (8th Cir.) (noting documents were "sealed only after it was determined that redaction would be insufficient to protect . . . informant safety"); cf. United States v. James, 663 F. Supp. 2d 1018, 1020-21 (W.D. Wash. 2009) (considering, in addressing common law and First Amendment right to access judicial records, whether redacting documents instead of completely sealing them would adequately serve government interest to be protected as well as public's right to access those documents). The circumstances presented here would appear conducive to redaction because the district court acknowledged that some of the information in the DEA documents had already been made public, but other information in the file should remain sealed:

The court acknowledges that some aspects of these matters have been

11

referred to by this court and mentioned by the government at various times during these proceedings. Nevertheless, the court fails to find that all of the information contained in the documents has been revealed. The court is further persuaded that some of it should not be revealed.

(Aplt. App. at 207-08.)

The fact that some of the sealed information has already been made public suggests that much of the information in the DEA records could be unsealed. See Mann, 477 F.3d at 1149 (noting, in denying motion to seal complaint, "that much of the information contained in [the] complaint appears to have been disclosed previously in the public probate court proceedings, further undermining [movant's] privacy concerns"); cf. James, 663 F. Supp. 2d at 1021 (concluding, in addressing both common law and First Amendment right of access, that because defendant's cooperation with the Government was discussed at her sentencing and was, therefore, part of the public record, there was no longer any reason to seal that information).[7]

### 4. Conclusion as to Defendants' common law right to have the DEA documents unsealed

There may be a government interest implicated in this case that would justify keeping at least a portion of the DEA documents at issue here sealed. But the Government never articulated such an interest. Further, the district court, contrary to the presumption that judicial documents should be publicly accessible, required Defendants

---

[7] As noted previously, the fact that some of this material has previously been disclosed is not an argument against unsealing, because the sealing order still prevents Defendants from using such information and because such an argument would, wrongly, put the burden on Defendants to determine what information has previously been disclosed and to determine whether the prior disclosures were sufficient to constitute public disclosures.

to articulate a compelling reason for unsealing the documents. Finally, the district court never considered whether unsealing redacted versions of the DEA documents or other restrictions short of sealing would adequately serve the (as yet unarticulated) government interest in keeping the documents sealed. For all of these reasons, we conclude the district court erred when it denied Defendants' motion to unseal the documents. See Bus. of Custer Battlefield Museum, 658 F.3d at 1195-96 (9th Cir.) (vacating district court's order denying access to sealed documents because the court failed to articulate a compelling reason for limiting access and use of those judicial documents and failed to state the factual basis for its ruling).

## IV. CONCLUSION

We, therefore, REVERSE the district court's decision denying Defendants' motion to unseal the DEA records and REMAND for the district court to reconsider that motion in light of our decision.[8] Except for the relief granted by this opinion, all pending motions are DENIED.

---

[8] We do not anticipate that the proceedings on remand will require an inordinate amount of time. In light of the time elapsed since Defendants originally filed their motion to unseal, the district court should expedite its consideration of that motion to the extent possible.