13-2431-cr(L)
United States v. Jiau

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand fourteen.

PRESENT: DENNIS JACOBS,
CHESTER J. STRAUB,
SUSAN L. CARNEY,
<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

<u>Appellee</u>,

-v.-                Nos. 13-2431-cr(L), 13-2772-cr(CON)

DONALD LONGUEUIL, SON NGOC NGUYEN, AKA SONNY, STANLEY NG,

<u>Defendants</u>,

WINIFRED JIAU, AKA WINI, AKA SEALED DEFENDANT 1,

<u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - -X

1

**FOR DEFENDANT-APPELLANT:**        RANDA DEA MAHER, Maher &
                                    Pittell, LLP, Great Neck, NY.

**FOR APPELLEE:**                   RICHARD A. COOPER (Diane
                                    Gujarati, <u>on the brief</u>) <u>for</u>
                                    Preet Bharara, United States
                                    Attorney for the Southern
                                    District of New York, New York,
                                    NY.

Appeal from orders of the United States District Court for the Southern District of New York (Rakoff, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court be **AFFIRMED**.

Defendant-appellant Winifred A. Jiau appeals from orders denying her <u>pro se</u> motions to unseal documents and to file supplemental supporting evidence.[1]  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.  <u>Sealing Order.</u>  On application of both parties, the district court entered a protective order in April 2011 providing that:

> any documents, the information contained therein,
> and other information provided by the Government
> to the defendants pursuant to . . . Title 18,
> United States Code, Section 3500, . . . are deemed
> confidential.

---

[1] This is not Jiau's first appeal.  In October 2013, by opinion and two summary orders, this Court (1) substantially affirmed Jiau's conviction for insider trading and conspiracy to commit securities and wire fraud, <u>see</u> 734 F.3d 147, 150 (2d Cir. 2013); (2) vacated and remanded as to the district court's (a) forfeiture order and (b) order denying, for lack of jurisdiction, Jiau's <u>pro se</u> motion for a new trial, <u>see</u> 545 F. App'x 34, 36 (2d Cir. 2013); and (3) dismissed an appeal from the denial of Jiau's <u>pro se</u> § 2255 motion, <u>see</u> 536 F. App'x 140, 142 (2d Cir. 2013).

2

Protective Order on Consent at 1, United States v. Jiau, No. 11 Cr. 161 (JSR) (S.D.N.Y. Apr. 6, 2011), ECF No. 45. Such "confidential" information "[s]hall be used by the defendants and/or their counsel solely for purposes of this criminal action" and "[s]hall not be disclosed in any form" except in limited circumstances. Id. at 1-2. "[D]efendants and/or their counsel" are to "abide by the [order's] restrictions . . . unless [they] make a written request to the Government for an exception to these restrictions, and such a request is granted." Id. at 4. The Government is required to "make all reasonable efforts to accommodate such exceptions," and Jiau "may seek relief from the" district court if her request for an exception is "refused." Id.

Jiau nevertheless attached "confidential" witness statements and law enforcement reports to her pro se publicly-filed 28 U.S.C. § 2255 motion, collaterally attacking her sentence on the ground that her trial counsel rendered ineffective assistance. In an October 2012 Sealing Order, the district court directed the clerk of the court to place Jiau's motion and exhibits under seal and directed the Government to publicly file a redacted version of the materials. In June 2013, the court denied Jiau's pro se motion to lift the Sealing Order. On appeal, Jiau argues that the documents should have been unsealed because they are relevant to her § 2255 motion and her civil malpractice suit against her former attorney.[2]

"[T]he decision whether or not to grant access [to sealed documents] 'is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" United States v. E. Air Lines, Inc., 923 F.2d 241, 245 (2d Cir. 1991) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 599 (1978)).

"[J]udicial documents [are] subject to the common law presumption of public access." United States v. Amodeo, 44 F.3d 141, 146 (2d Cir. 1995) ("Amodeo I"). However,

---

[2] Jiau's argument that the documents should be unsealed because they are relevant to her § 2255 motion is puzzling. The fact that exhibits to Jiau's motion were sealed in no way prevented the district court from considering them.

3

"[d]ocuments that play no role in the performance of Article III functions, *such as those passed between the parties in discovery*, lie entirely beyond the presumption's reach, and stand on a different footing than . . . any other document which is presented to the court to invoke its powers or affect its decisions." United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Amodeo II") (emphasis added) (citation, internal quotation marks, and brackets omitted). In addition to common law values, "First Amendment concerns implicated by the sealing of [judicial] proceedings or documents mandate close appellate scrutiny." Newsday LLC v. Cnty. of Nassau, 730 F.3d 156, 163 (2d Cir. 2013).

The documents Jiau seeks to unseal may well constitute discovery materials "that play[ed] no role in the performance of Article III functions." Amodeo II, 71 F.3d at 1050. Jiau cannot unilaterally convert discovery documents into public "judicial documents" by challenging the application of the Protective Order. See SEC v. TheStreet.com, 273 F.3d 222, 233 (2d Cir. 2001) (rejecting as "without merit" the argument that "Confidential Testimony is a 'judicial document' because the Court reviewed it in order to decide whether or not to enter the protective order"); cf. Gambale v. Deutsche Bank AG, 377 F.3d 133, 143 n.8 (2d Cir. 2004) ("There is . . . a troubling element of bootstrapping about the presumption of access here: . . . the result was to transmute arguably legitimately confidential data to a document to which the public has a presumptive right of access.").[3]

---

[3] Jiau's reliance on United States v. Pickard, 733 F.3d 1297 (10th Cir. 2013), is misplaced. The documents in Pickard had been filed by the Government with the district court and considered by the court in making evidentiary rulings; the documents were therefore clearly "judicial documents" subject to a presumption of public access. See id. at 1300, 1302. Moreover, Pickard deemed significant that the district court "did not consider whether selectively redacting just the still sensitive . . . information from the sealed . . . documents and then unsealing the rest of the . . . file would adequately serve the government's interest." Id. at 1304. Here, the provisions of the Protective Order that allow for exceptions and district court review constitute the narrow tailoring that would otherwise be done by targeted redaction.

Even if the sealed documents were subject to a presumption of public access, the district court explained that "the documents subject to the Protective Order were properly placed under seal, as they reflected sensitive information about cooperating witnesses and the Government's investigative methods and techniques."  Order at 2, Jiau, No. 11 Cr. 161 (JSR), ECF No. 185.  "We have recognized the law enforcement privilege as an interest worthy of protection," Amodeo I, 44 F.3d at 147, and one designed to "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, . . . [and] to safeguard the privacy of individuals involved in an investigation," In re Dep't of Investigation, 856 F.2d 481, 484 (2d Cir. 1988).  "Both the claims of law enforcement privilege and privacy are proper concerns for a trial court in performing the balancing test required to determine whether access should be allowed or denied." Amodeo I, 44 F.3d at 147; see also In re N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987) ("Certainly, the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation . . . .").  The district court was "in the best position to weigh the[se] factors," Amodeo II, 71 F.3d at 1053, and we see no abuse of discretion in requiring Jiau to comply with the Protective Order to which she consented.

    2.   Supplemental Evidence.   "A motion to reopen the record for the presentation of new evidence is addressed to the sound discretion of the trial court, and it may only be reversed on appeal if the trial court abused its discretion."  DiBella v. Hopkins, 403 F.3d 102, 119 (2d Cir. 2005) (internal quotation marks and brackets omitted).

    Jiau's supplemental evidence consisted of orders and motion papers related to a deadline extension in Jiau's legal malpractice lawsuit, internet profiles of Jiau's former lawyer, and letters the Government previously sent to the district court.  The court correctly observed that these documents were either already considered or "largely irrelevant to whether the Sealing Order should be lifted." Order at 2, Jiau, No. 11 Cr. 161 (JSR) (July 3, 2013), ECF No. 188.  The district court did not abuse discretion in denying Jiau's motion to file supplemental evidence.

5

We have considered all of Jiau's remaining arguments and conclude that they are without merit.  The orders of the district court are hereby affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK