**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL ALEXANDER BACON,

    Defendant - Appellant.

No. 18-4163

_____

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 2:14-CR-00563-DN-1)**
_____

Veronica S. Rossman, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with her on the briefs), Office of the Federal Public Defender for the District of Colorado, Denver, Colorado, appearing for Appellant.

Ryan D. Tenney, Assistant United States Attorney (John W. Huber, United States Attorney, with him on the brief), Office of the United States Attorney for the District of Utah, Salt Lake City, Utah, appearing for Appellee.
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

**BRISCOE**, Circuit Judge.
_____

    Defendant-Appellant Michael A. Bacon appeals the district court's decision to

keep the supplement to his plea agreement filed under seal. Mr. Bacon contends that the

district court erred by failing to consider the common law right of access to court

documents and by failing to make case-specific findings regarding sealing on the record. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we vacate the district court's decision to keep Mr. Bacon's plea supplement filed under seal and remand for further proceedings.

## I

In 2015, Mr. Bacon pleaded guilty to two counts of bank robbery and one count of robbing a credit union, pursuant to a written plea agreement. ROA, Vol. I, at 20–23. At his combined plea and sentencing hearing, the district court asked Mr. Bacon if he had signed the documents relating to his plea agreement. *Id.* at 43. After responding that he had not, the district court directed Mr. Bacon to sign the documents. *Id.* Mr. Bacon's counsel explained that Mr. Bacon was "concerned about the [plea] supplement" and asked "for permission to file the plea agreement without the [plea] supplement. *Id.* at 43–44. The district court responded, "We do file the supplement under seal in every case, and we do that to protect the rare person who does cooperate." *Id.* at 44.

The district court was referring to a District of Utah local rule, which provides that "[a]ll plea agreements shall be accompanied by a sealed document entitled 'Plea Supplement,'" filed "electronically . . . under seal." DUCrimR 11-1. The plea supplement describes the nature of the defendant's cooperation with the government or lack thereof; thus, because Mr. Bacon's plea agreement did not contain a substantial assistance clause or a cooperation agreement, ROA, Vol. I, at 20–27, his plea supplement states that "there is no cooperation agreement between the United States and the defendant." Supp. ROA, Vol. I, at 4.

2

Mr. Bacon ultimately refused to sign his plea supplement, and his counsel signed it on his behalf. ROA, Vol. I, at 45. Mr. Bacon explained to the court that "[w]hen you go off to prison and you've got something sealed inside your paperwork and the yard gets the paperwork and they see you've got a sealed document, they think you cooperated, and they want to hurt you." *Id.* at 44–45. The district court ordered the plea supplement filed under seal over Mr. Bacon's objection, stating, "We're trying to get uniformity among the districts so that everybody has a sealed supplement." *Id.* at 45. Mr. Bacon's plea supplement appears on the docket as follows:

| 06/29/2015 | 19 | STATEMENT IN ADVANCE OF PLEA as to Michael Alexander Bacon (asb) (Entered: 06/30/2015) |
| 06/29/2015 | 20 | ***SEALED DOCUMENT*** Plea Supplement pursuant to DUCrimR11-1 as to Michael Alexander Bacon (asb) (Entered: 06/30/2015) |

*Id.* at 6.

Mr. Bacon was sentenced to 80 months' imprisonment, followed by five years of supervised release. *Id.* at 64. This five-year supervised release term exceeded the 36-month statutory maximum for his offenses, an issue Mr. Bacon raised in his habeas petition. *See Bacon v. United States*, No. 2:16-cv-00724-DN, 2018 WL 2709212, at *10 (D. Utah June 5, 2018). The partial grant of Mr. Bacon's habeas petition resulted in a resentencing hearing in 2018.

At Mr. Bacon's resentencing, the parties did not dispute that Mr. Bacon's supervised release term should be reduced to 36 months. *See* ROA, Vol. III, at 14–16. Nonetheless, there was a dispute over the sealed plea supplement. In a pre-hearing filing, defense counsel explained,

3

> Mr. Bacon . . . did not want filed . . . a sealed pleading which
> states that there was no cooperation agreement involved in the
> case. Mr. Bacon claims that a sealed document shown in the
> docket raises questions and inferences at a correctional
> facility, that there has actually been cooperation. Mr. Bacon
> requests that the Court strike that particular document from
> the docket as he never signed it.

Supp. ROA, Vol. II, at 4–5.

The government objected to Mr. Bacon's request, arguing that it is the policy of the District of Utah to file a sealed plea supplement in every criminal case and that the policy is "actually for the defendant/prisoner's benefit." ROA, Vol. I, at 87. The government asked the district court to keep Mr. Bacon's plea supplement filed under seal "as a matter of integrity to [the] local rules" and as "a matter of safety of cooperators." *Id.* at 88.

The court heard argument from the parties on this issue at the resentencing hearing. Defense counsel stated,

> Mr. Bacon has served time in the penitentiary . . . and it's his
> experience that when you have a sealed pleading in your
> record, that becomes known to the people in the prison, and it
> causes him a security problem . . . I'm not sure all the inmates
> in the prison know that a sealed pleading is filed in every
> case, and . . . it doesn't mean he's cooperating. That's why
> he doesn't want that sealed pleading in this case, and he
> would like to have that withdrawn because it's put him in
> danger.

*Id.*, Vol. III, at 14–15. Mr. Bacon addressed the court, himself, regarding the sealed plea supplement, stating, "If I don't wan't [sic] to place my life in jeopardy, I don't see how the federal government can force me to do that." *Id.* at 18.

The district court ordered the plea supplement filed under seal, ruling, in full:

4

> As to the issue of striking the sealed plea supplement, this has been a matter of study nationally and by this Court, and we continue to study it at a national level, and while there may be changes, it is the practice, in many, if not most, districts to file a plea supplement in every case. I recognize the problems that you have brought up, and there have been issues of inmate violence unfortunately. I attended a really good presentation on this, where we had someone who had actually interviewed prisoners about this, and there was some compelling information, but so far no decision has been made to change the policy or the rule and so I'm not going to strike the sealed supplement.

*Id.* at 18–19.[1]

---

[1] The district court was referring to a 2016 Federal Judicial Committee (FJC) study concluding that there is "a substantial amount of harm, to both defendants and witnesses, resulting from use of court documents to identify cooperators." Fed. Judicial Ctr., *Survey of Harm to Cooperators: Final Report* (2016), at 31, available at https://www.fjc.gov/content/310414/survey-harm-cooperators-final-report. The FJC found that "[t]he plea agreement or plea supplement was the document most frequently used to identify a defendant/offender as a cooperator," *id.* at 13, and that "the presence of sealed documents and gaps in docket sequence numbers by themselves are considered enough by other inmates to identify cooperators and put them at risk of harm," *id.* at 30–31. In light of this study, the Judicial Conference's Court Administration and Case Management Committee (CACM) provided interim guidance, recommending that all district courts adopt a blanket approach where each defendant has a sealed plea supplement regardless of whether the defendant cooperated with the government. CACM, *Interim Guidance for Cooperator Information* (2016) (CACM Memo), at 245, available at https://www.uscourts.gov/sites/default/files/2016-09-criminal-agenda_book_0.pdf. The Criminal Rules Committee decided not to implement CACM's guidance. Hon. Donald W. Molloy, *Report of the Advisory Committee on the Criminal Rules* (Dec. 8, 2017), at 119, available at https://www.uscourts.gov/sites/default/files/2018-01-standing-agenda-book.pdf. As a result, many districts do not require sealed plea supplements, leaving "a real risk that . . . measures to protect cooperators in one court might result in criminal dockets that indicate cooperation . . . when compared to those of another court." CACM Memo at 247.

Mr. Bacon timely appealed, challenging the district court's ruling keeping his plea supplement filed under seal.

## II

Generally, "[w]e review for an abuse of discretion the district court's decisions regarding whether to seal or unseal documents."[2] *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). The government contends that our review is for plain error because Mr. Bacon relies on a legal theory not raised below—specifically, "the common law right of public access." Aple. Br. at 14.

We agree with the government that our review is for plain error. This court has "repeatedly declined to allow parties to assert for the first time on appeal legal theories not raised before the district court, even when they fall under the same general rubric as an argument presented to the district court." *United States v. A.B.*, 529 F.3d 1275, 1279 n.4 (10th Cir. 2008) (reviewing the defendant's arguments under the plain error standard); *see also United States v. Buonocore*, 416 F.3d 1124, 1128 (10th Cir. 2005) ("[T]his court will not consider a theory on appeal not raised or ruled on below"); *United States v. Anderson*, 374 F.3d 955, 958 (10th Cir. 2004) ("This is not a novel concept. We have held . . . that a party may not raise on appeal specific theories he did not present

---

[2] While Mr. Bacon labeled his motion at the district court as a motion to strike, *see* Supp. ROA, Vol. II, at 4–5, there is no dispute that, in substance, he asked the court to unseal the plea supplement. *Compare* Aplt. Rep. Br. at 2 ("[Mr. Bacon] asked the court to unseal the plea supplement."), *with* Aple. Br. at 9 (stating our standard of review for "decisions regarding whether to seal or unseal documents") (internal quotation marks omitted). Further, when ruling on the motion, the district court focused its analysis on whether the plea supplement should remain sealed.

6

before the district judge."). Mr. Bacon objected to the district court's decision to keep his plea supplement as a sealed document on the ground that the presence of a sealed plea supplement in his court records would endanger him. *See* ROA, Vol. III, at 14–15, 18. On appeal, however, he argues that "the district court erred in the manner in which it decided the sealing question," contending that the district court did not "consider the presumptive [common law] right of access to judicial records" or conduct "the balancing test that flows from" that presumption. Aplt. Br. at 20, 22, 26; *see* Aplt. Rep. Br. at 6 (acknowledging that Mr. Bacon "did not invoke the common law right of public access in the district court"). Thus, he has forfeited this argument. Nonetheless, we can review forfeited arguments for plain error where, like here, the appellant asks for plain error review and puts forth arguments concerning its application. *See United States v. Zander*, 794 F.3d 1220, 1232 n.5 (10th Cir. 2015) ("We hold that Defendant adequately addressed the issue of plain error review in his reply to the government's brief, after arguing in his opening brief that his objections below were sufficiently raised to be preserved for review on appeal.").

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (quotation marks omitted).

## III

## A

Mr. Bacon relies on the "common-law public right of access to judicial records," Aplt. Br. at 23, to argue that the district court plainly "erred in the manner in which it decided the sealing question" in two ways, *id.* at 20–21. First, he contends the district court erred by "fail[ing] to consider the presumptive right of access to judicial records in reaching its sealing conclusion." *Id.* at 22. Next, he argues that the district court erred because its "sealing conclusion is not based on the facts and circumstances of Mr. Bacon's case"—an analysis he asserts is "compelled by the common law presumption of access." *Id.* at 28–29.

"Courts have long recognized a common-law right of access to judicial records." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quotation marks omitted); *see United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) ("It is clearly established that court documents are covered by a common law right of access."); *see also United States v. Hickey*, 767 F.2d 705, 706, 708 (10th Cir. 1985) (applying the common law right of access to "the details of [a defendant's] plea bargain").[3] Although this common law "right is not absolute," *Colony Ins.*, 698 F.3d at 1241 (quotation marks

---

[3] Mr. Bacon only asserts that he has a right to have his plea supplement unsealed under the common law. He has disclaimed any reliance on a potential First Amendment right for purposes of this appeal. *See* Aplt. Br. at 23 n.16. As such, we have no occasion to address whether such a constitutional right exists. *See United States v. Pickard*, 733 F.3d 1297, 1302 n.4 (10th Cir. 2013) ("Because we conclude that Defendants can seek to have the DEA records unsealed under the common law, we have no occasion here to address whether they also have a First Amendment right to have the DEA file unsealed.").

omitted), there is a "strong presumption in favor of public access," *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). This strong presumption of openness can "be overcome where countervailing interests heavily outweigh the public interests in access" to the judicial record. *Colony Ins.*, 698 F.3d at 1241 (internal quotation marks omitted); *see McVeigh*, 119 F.3d at 811. "Therefore, the district court, in exercising its discretion [to seal or unseal judicial records], must 'weigh the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

"Consistent with this presumption that judicial records should be open to the public, the party seeking to keep records sealed bears the burden of justifying that secrecy, even where, as here, the district court already previously determined that those documents should be sealed." *Id.* Therefore, the burden is on the government, as the party opposing disclosure of the plea supplement, "to articulate a sufficiently significant interest that will justify continuing to override the presumption of public access" to the plea supplement at issue here. *Id.* at 1303. Applying those legal principles here, we conclude the district court erred in the manner in which it considered Mr. Bacon's request to unseal the plea supplement in two ways.

First, the district court "did not apply the presumption that judicial records should be open to the public." *Id.* (reversing the district court's decision denying a motion to

9

unseal).[4] The district court kept Mr. Bacon's plea supplement filed under seal because "no decision ha[d] been made to change the [sealing] policy or the [local] rule." ROA, Vol. III, at 19. Therefore, rather than "requiring the United States to articulate a significant government interest to justify keeping the [plea supplement] sealed," *Pickard*, 733 F.3d at 1303, the district court relied on a local rule mandating sealed supplements in every case. This ruling does not satisfy the common law standard. *See id.*; *see also United States v. DeJournett*, 817 F.3d 479, 485 (6th Cir. 2016) ("The district court's ruling [denying the defendant's request to unseal his plea agreement], based on a blanket policy, does not satisfy either the constitutional or common law standards.").

The district court also erred by failing to support its sealing decision with case-specific findings. We have held that a district court, in deciding whether specific documents should be sealed, "*must* consider the relevant facts and circumstances of the particular case and *weigh* the relative interests of the parties." *Hickey*, 767 F.2d at 708 (emphasis added) (addressing whether the court erred in "foreclosing access to the details of Mr. Hickey's plea bargain"); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial

---

[4] There is no dispute that Mr. Bacon's plea supplement is a judicial record. *Compare* Aplt. Br. at 24 ("The document at issue here – the supplement to Mr. Bacon's plea agreement – is a judicial record."), *with* Aple. Br. at 25 (noting that DUCrimR 11-1, which requires sealing of plea supplements, "governs who has access to the *records of Utah's courts*") (emphasis added). As noted, this court held that the common law right of access applies to "the details of [a defendant's] plea bargain" in *Hickey*, 767 F.2d at 706, 708. *See also United States v. DeJournett*, 817 F.3d 479, 485 (6th Cir. 2016) ("plea agreements are the quintessential judicial record"); *In re Copley Press, Inc.*, 518 F.3d 1022, 1028 (9th Cir. 2008) (plea agreement's cooperation addendum is a judicial record).

10

court, a discretion *to be exercised* in light of the relevant facts and circumstances of the particular case.") (emphasis added); *see also DeJournett*, 817 F.3d at 485 ("remand[ing] the case so that the district court may state its case-specific [sealing] findings on the record").[5] Here, the district court did not weigh the interests of the parties or provide any case-specific explanation for its decision to keep Mr. Bacon's plea supplement under seal. Instead, it relied on general information that was not on the record and the District of Utah's local rules. *See* ROA, Vol. III, at 18–19 (discussing "some compelling information" from a "presentation" and denying Mr. Bacon's request to unseal the plea supplement because "no decision ha[d] been made to change the [sealing] policy or the [local] rule"). The district court's generalized sealing analysis does not satisfy the common law standard or provide us with an adequate foundation for appellate review.[6]

The government contends, however, that we can "adjust [the] 'common law doctrine[],'" Aple. Br. at 44, (quoting *Williams v. Trammell*, 782 F.3d 1184, 1195 (10th Cir. 2015)), so that the "case-specific analysis requirement [does not] apply to" plea

---

[5] In an unpublished case, *United States v. Apperson*, 642 F. App'x 892, 900 (10th Cir. 2016), we stated, "[L]est the common-law presumption of access be rendered a dead letter . . . courts cannot justify denying disclosure by endorsing . . . generalized governmental interests. They must analyze the government's interests in the context of the specific case . . . and explicitly undergird their conclusions with fact-specific analysis." (vacating the district court's sealing order and remanding for further proceedings because "[a]bsent a particularized analysis . . . a district court has no sound legal basis for ruling on the sealing question").

[6] For this reason, we cannot address Mr. Bacon's alternative argument that the government did not satisfy its burden of proof. *See* Aplt. Br. at 31 n.19 ("If this Court determines that the district court erred as a matter of law in the manner in which it decided the sealing question, it need not reach this argument . . . .").

11

supplements, *id.* at 46, despite admitting that "some (or even all) past common law public access decisions imposed a case-specific analysis requirement," *id.* at 44. We reject this argument. "[W]e must follow Supreme Court and Tenth Circuit precedent," *United States v. Courtney*, 816 F.3d 681, 686 (10th Cir. 2016), and our caselaw has not provided for such an exception. *See Hickey*, 767 F.2d at 706, 708 (holding that the "common law right . . . to inspect and copy judicial records" applies to "the details of [a defendant's] plea bargain").

We also reject the government's assertion that the district court did not err because the District of Utah's local rule "supplants any conflicting common law right of public access." Aple. Br. at 21. According to the government, "the common law can be supplanted by statute *or rule*" when "the statute *or rule* 'speak[s] directly to the question addressed by the common law.'" *Id.* at 23 (emphasis added) (quoting *United States v. Burkholder*, 816 F.3d 607, 618 (10th Cir. 2016)). Reliance on *Burkholder* is misplaced. *Burkholder* held that "to abrogate a common-law principle, the *statute* must speak directly to the question addressed by the common law." 816 F.3d at 618 (emphasis added) (internal quotation marks omitted). *Burkholder* did not say that a rule, promulgated not by Congress but by a district court, could abrogate the common law. And the government admits that "Congress has not passed a law specifically addressing whether the public has a right of access to cooperation agreements." Aple. Br. at 24. Accordingly, the District of Utah's local rule did not abrogate the common law right of access to judicial records.

12

**B**

We next consider whether the district court's errors were plain. An error is plain "when it is contrary to well-settled law*." United States v. Whitney*, 229 F.3d 1296, 1309 (10th Cir. 2000). "For us to characterize a proposition of law as well-settled, we normally require precedent directly [o]n point from the Supreme Court or our circuit or a consensus in the other circuits." *United States v. Smith*, 815 F.3d 671, 675 (10th Cir. 2016). We agree with Mr. Bacon that the district court's errors in this case were plain.

This court specifically addressed the issue of a district court's failure to consider the presumption of access when sealing a judicial record in *Pickard*. In *Pickard*, we stated that "the district court erred in the manner" in which it decided the sealing question because it "did not apply the presumption that judicial records should be open to the public." 733 F.3d at 1303. *Pickard* made clear that a district court must consider the presumption of openness in deciding whether to seal a judicial record "even where, as here, the district court already previously determined that [the] documents should be sealed." *Id.* at 1302 (noting that "the party seeking to keep records sealed bears the burden of justifying that secrecy").

*Pickard* also made clear that the district court, "in exercising its discretion [to seal a judicial record], *must* 'weigh the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *Id.* (emphasis added) (quoting *Helm*, 656 F.3d at 1292); *see also Nixon*, 435 U.S. at 599 (discretion to seal is "*to be exercised in light of the relevant facts and circumstances of the particular case*") (emphasis added). The district court plainly erred in keeping Mr. Bacon's plea supplement under seal by

13

failing to consider the presumptive right of access and by failing to make case-specific findings on the record.

The government argues, however, that Mr. Bacon's claim "fails for lack of obvious error" because Mr. Bacon "points to no Supreme Court or published Tenth Circuit decision that holds that a district cannot adopt a rule that automatically seals a particular kind of categorically sensitive information." Aple. Br. at 21. This argument misses the point. Mr. Bacon does not challenge "the facial validity of the local rule or the District of Utah's authority to adopt it." Aplt. Rep. Br. at 4. Rather, Mr. Bacon challenges the district court's *application* of the local rule in this case as inconsistent with the legal standards for sealing judicial documents. *See id.*; *see* Aplt. Br. at 26 (relying on *United States v. Doe*, 870 F.3d 991, 1002 (9th Cir. 2017), which held that "nothing in our precedent prevents district courts from" adopting the practice of requiring a sealed plea supplement in every case "as long as district courts decide motions to seal or redact on a case-by-case basis").[7]

---

[7] In a similar vein, the government contends that the district court could adopt DUCrimR 11-1 because the "government has a compelling interest in protecting cooperators," which it argues is "sufficient to overcome the presumption of openness and satisfy the burden of proof." Aple. Br. at 27. But again, the District of Utah's authority to adopt a local rule is not at issue in this case. To the extent the government is attempting to satisfy its burden of proof on appeal, it cannot do so. The "analysis of the question of limiting access is necessarily fact-bound," *Hickey*, 767 F.2d at 708, and "an appellate court is not a fact-finding body," *United States v. Castellanos-Barba*, 648 F.3d 1130, 1133 (10th Cir. 2011). *See Apperson*, 642 F. App'x at 902 ("we decline to undertake in the first instance a sealing analysis to resolve the question").

More specifically, the government contends that Mr. Bacon has not shown obvious error for "his burden of proof and case-specific-analysis arguments." Aple. Br. at 17–18. The government attempts to distinguish both *Nixon* and *Pickard*, arguing that "*Nixon* dealt with a district court's decision to prohibit public access to the Watergate tapes . . . while *Pickard* dealt with a district court's decision to seal a confidential informant's file pursuant to its 'inherent supervisory authority over its own files.'" *Id.* at 18 (quoting *Pickard*, 733 F.3d at 1300). According to the government, Mr. Bacon's case is different because he "is not challenging a district court's decision to seal information that was based on a case-specific reason or derived from the court's common law authority. Instead, he's challenging a district court's ability to adopt (and enforce) a categorical rule that automatically seals a certain kind of information." *Id.* The government's argument again misses the point. Mr. Bacon is challenging the district court's decision to keep a specific document under seal, not its authority to enact a local rule. Moreover, the district court's failure to articulate case-specific reasons for its sealing decision is, in part, why Mr. Bacon seeks remand.

The government also points out that "even in the absence of a statute or rule, courts themselves have created their own sealing or redaction regimes for particular kinds of sensitive information." Aple. Br. at 19 (noting, for example, that a party seeking access to records of grand jury proceedings carries the burden of establishing the need for disclosure). While that may be true for certain kinds of documents, we have no such regime for plea agreements. To the contrary, we have held that the common law right of access applies to "the details of [a defendant's] plea bargain." *Hickey*, 767 F.2d at 706,

15

708. The government's arguments regarding the plainness of the district court's errors are unavailing.

## C

The third prong of plain error concerns whether the error affects the defendant's "substantial rights." *United States v. Hasan*, 526 F.3d 653, 664 (10th Cir. 2008). In this analysis, "we ask only whether there is 'a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" *Id.* (quoting *United States v. Andrews*, 447 F.3d 806, 811 (10th Cir. 2006)). To satisfy this burden, Mr. Bacon "must show a reasonable probability sufficient to undermine confidence in the outcome at [his] [re]sentencing." *United States v. Yurek*, 925 F.3d 423, 446 (10th Cir. 2019). "Confidence in the outcome can be undermined even if [Mr. Bacon's] showing would not satisfy the preponderance-of-the-evidence standard." *Id.*

Mr. Bacon has satisfied the third prong of plain error. A presumption of openness must be overcome for a judicial record to remain under seal. *See Pickard*, 733 F.3d at 1302. The record demonstrates that the district court did not consider this presumption of access to judicial records. As such, there is a reasonable probability that, but for the district court's error, Mr. Bacon's plea supplement would not have been filed under seal. Moreover, the district court did not conduct any case-specific balancing to determine whether the government's interest "heavily outweigh[ed]" the public interest in access. *Id.* (quotation marks omitted). Had the district court considered the government's interest in the context of the specific case (including the undisputed evidence that Mr. Bacon was endangered by the sealed plea supplement) rather than relying solely on the local rule,

16

there is a reasonable probability that Mr. Bacon's plea supplement would not have been filed under seal.

## D

To satisfy the fourth prong of plain error, Mr. Bacon must show that the district court's error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Bustamante-Conchas*, 850 F.3d 1130, 1144 (10th Cir. 2017). Mr. Bacon has made this showing.

We have held that the common law right of access to judicial records "is an important aspect of the overriding concern with preserving the integrity of the law enforcement and judicial processes." *Hickey*, 767 F.2d at 708 (citing *United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1980)). The "common law right is not some arcane relic of ancient English law. To the contrary, the right is fundamental to the democratic state." *Hubbard*, 650 F.2d at 315 n.79 (quoting *United States v. Mitchell*, 551 F.2d 1252, 1258 (D.C. Cir. 1976)); *see* Hon. T. S. Ellis, III, *Sealing, Judicial Transparency and Judicial Independence*, 53 VILL. L. REV. 939, 940 (2008) ("Secret proceedings, including unwarranted or excessive sealing of court records, engender suspicion, mistrust and a lack of confidence in the judicial process . . . ."). We conclude that Mr. Bacon has satisfied the fourth prong of plain error.

## IV

For the foregoing reasons, we VACATE the district court's decision to keep Mr. Bacon's plea supplement filed under seal and REMAND for further proceedings.

17