# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-3689

———————

Rani Abston,

    Plaintiff - Appellant,

v.

Commissioner of Internal Revenue
Service, et al.,

    Defendant - Appellee.

Appeal from the United States
District Court for the
Eastern District of Missouri.

———————

Submitted: June 12, 2012
Filed: August 31, 2012

———————

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

———————

LOKEN, Circuit Judge.

When the Internal Revenue Service (IRS) denied Rani Abston's claim for a refund of federal income taxes as barred by the three-year limitation period in 26 U.S.C. § 6511(b)(2)(A), she timely filed this tax refund action,[1] asserting that the limitation period was suspended "for more than 310 days under 26 U.S.C. § 6511(h)

———————

[1]Though Abston's *pro se* complaint named the Commissioner of Internal Revenue and other Treasury Department defendants, the proper defendant in civil actions for federal tax refunds is the United States. See 28 U.S.C. § 1346(a)(1).

as a result of Plaintiff's financial disability."  The district court[2] granted the Government summary judgment, concluding that Abston "has not proffered the necessary evidence to permit consideration of whether the limitations period . . . was suspended by 26 U.S.C. § 6511(h)."  Abston appeals, arguing the district court erred in ruling that her failure to submit a physician's statement as required by IRS Revenue Procedure 99-21 was fatal to her claim of financial disability.  Reviewing the grant of summary judgment *de novo*, we affirm.  Hemmingsen v. Messerli & Kramer, P.A., 674 F.3d 814, 816 (8th Cir. 2012) (standard of review).

On April 15, 2003, the due date for her 2002 federal income tax return, Abston knew the IRS would apply any refund to repay her defaulted student loans.  See 26 U.S.C. § 6402.  Consequently, she did not file a return and claim a $2,859 refund until February 2007, after she resolved her student loan obligations.  The IRS denied the claim on the ground that, "to obtain a refund, you have to file your tax return within 3 years from its due date."  The June 2008 denial letter advised Abston that she could appeal the decision and that exceptions extending the time to file refund claims include "financial disability."  The letter recited the statutory definition of financial disability, and urged Abston to review IRS Publication 556 "for additional details regarding these exceptions."  The record on appeal includes an IRS "Case Activity Record Print" recording that, in February 2009, an Appeals Officer advised Abston "what she needed for financial disability."  Abston then met with the Appeals Officer but "came with nothing" and was advised of her option to seek judicial review of the denial.  This lawsuit followed.

Abston's refund claim was untimely under the three-year "look back" limitation in 26 U.S.C. § 6511(b)(2)(A).  See generally Commissioner v. Lundy, 516

---

[2]The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri, presiding under consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

U.S. 235, 239-40 (1996). In <u>United States v. Brockamp</u>, 519 U.S. 347, 350 (1997), a unanimous Supreme Court held that courts may not use nonstatutory equitable reasons to toll the "unusually emphatic" time limitations set forth in 26 U.S.C. § 6511. In 1998, Congress responded by enacting a statutory exception to the time limitations in § 6511(a)-(c) applicable to any period in which an individual taxpayer is "financially disabled." Pub. L. 105-206, § 3202(a), 112 Stat. 740 (codified at 26 U.S.C. § 6511(h)(1)). The statute defines financial disability and specifies the manner in which a taxpayer may establish that she qualifies for the exception:

> [A]n individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment . . . which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require.*

§ 6511(h)(2)(A) (emphasis added). In 1999, the IRS issued Revenue Procedure 99-21 prescribing the "form and manner" the Secretary requires to prove a "medically determinable physical or mental impairment." <u>See</u> 1999-1 Cum. Bull. 960.[3] The Revenue Procedure provides in relevant part:

**1. Purpose**

This revenue procedure describes the information that is required under section 6511(h)(2)(A) of the Internal Revenue Code in order to request

---

[3]The Treasury Regulations provide that one purpose of Revenue Procedures is "to announce practices and procedures for guidance of the public." 26 C.F.R. § 601.601(d)(2)(vi). To this end, one type of Revenue Procedure is "a statement of procedure that affects the rights or duties of taxpayers or other members of the public under the Code and related statutes." <u>Id.</u> at § 601.601(d)(2)(i)(b).

suspension of the period of limitations under section 6511 for claiming a credit or refund of tax due to an individual taxpayer's financial disability. This information is required to be submitted with the taxpayer's claim for credit or refund of tax.

*    *    *    *    *

## 4. Procedure

Unless otherwise provided . . . the following statements are to be submitted with a claim for credit or refund of tax to claim financial disability for purposes of § 6511(h).

> (1) a written statement by a physician (as defined in . . . the Social Security Act, 42 U.S.C. § 1395x(r)), qualified to make the determination, that sets forth:
>
> (a) the name and a description of a taxpayer's physical or mental impairment;
>
> (b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;
>
> (c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;
>
> (d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and
>
> (e) the following certification, signed by the physician: I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete.

Abston failed to comply with Revenue Procedure 99-21 when she did not submit a physician statement with her initial refund claim, or during her administrative appeal of the claim denial, despite explicit warnings by the IRS of the need to do so. Although no circuit court has considered this issue, numerous district courts have dismissed taxpayer refund suits as time-barred by § 6511 because the taxpayer's claim of financial disability was not supported by a physician's statement complying with Revenue Procedure 99-21. See Castaners v. United States, No. 11 C 5130, 2012 WL 1802151, at *4 (N.D. Ill. May 16, 2012); Pleconis v. IRS, No. 09-5970, 2011 WL 3502057, at *5 (D.N.J. Aug. 10, 2011); Ibeagwa v. United States, No. 09 C 1267, 2009 WL 3172165, at *2 (N.D. Ill. Sept. 30, 2009); Nunn v. United States, No. 3:08CV-199-S, 2009 WL 260803, at *4 (W.D. Ky. Feb. 4, 2009); Henry v. United States, No. 3:05-CV-1409-D, 2006 WL 3780878, at *4 (N.D. Tex. Dec. 26, 2006); Glover v. United States, No. 05-CV-60044-A, 2005 WL 1926614, at *2 (E.D. Mich. July 11, 2005). We agree.

Abston argues that the failure to comply with Revenue Procedure 99-21 should not be dispositive – that the district court should have made an independent determination that she was "financially disabled" for purposes of § 6511(h) after she submitted an affidavit and 137 pages of medical records that chronicled her medical conditions. We reject this contention for multiple reasons.

First, the contention is contrary to the plain meaning of the statute. Federal courts have no jurisdiction over a tax refund suit "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard." 26 U.S.C. § 7422(a); see Lundy, 516 U.S. at 239-40. Section § 6511(h)(2)(A) expressly provides that a taxpayer "shall not be considered [financially disabled] unless proof of [a disabling impairment] is furnished in such form and manner as the Secretary may require." Thus, Abston's refund claim was not

"duly filed." The limited waiver of sovereign immunity in § 6511(h) does not grant district courts power to decide *de novo* that a taxpayer was financially disabled.

Second, the independent judicial determination of financial disability Abston seeks would be the kind of nonstatutory tolling the Supreme Court barred in Brockamp. The administrative burden of responding to late claims, the Court explained, "tells us that Congress would likely have wanted to decide explicitly whether, or just where and when, to expand the statute's limitations periods, rather than delegate to the courts a generalized power to do so whenever a court concludes that equity so requires." 519 U.S. at 353. The judicial remedy Abston urges is contrary to that principle and therefore beyond the power of the lower federal courts.

Third, although Abston complains at length that Revenue Procedure 99-21 was adopted without the benefit of notice-and-comment rulemaking, she cites no authority suggesting that the IRS was not authorized to address this issue of tax practice and procedure in a Revenue Procedure. In § 6511(h)(2)(A), Congress did not direct the Secretary to prescribe requirements by regulation, as it has elsewhere in the Internal Revenue Code. See 26 U.S.C. § 1502 (rules for filing consolidated returns).

Congress defined "financial disability" as meaning that an individual "is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment." § 6511(h)(2)(A). Knowing that the IRS would need to fairly and efficiently process a potentially large number of such claims, Congress instructed the Secretary to prescribe the method by which an individual could prove such an impairment. In Revenue Procedure 99-21, the Secretary logically prescribed, "Bring a doctor's note." Under any standard of judicial review of executive agency action, we must uphold this threshold requirement as an appropriate exercise of the authority Congress delegated to the Secretary. We need not decide in this case the extent to which courts may review the IRS's denial of a refund claim as untimely when the taxpayer submitted a physician's statement that substantially complied with Revenue

Procedure 99-21, an issue considered in <u>Bowman v. United States</u>, No. S-09-0167, 2010 WL 2991712, at \*6 (E.D. Cal. July 29, 2010), and <u>Walter v. United States</u>, No. 09-420, 2009 WL 5062391, at \*11 (W.D. Pa. Dec. 16, 2009).  Because Abston failed to submit a physician's statement altogether, we agree with the district court that she did not provide the IRS with probative evidence of financial disability, and therefore her claim was properly denied as time-barred by § 6511(b)(2)(A).

The judgment of the district court is affirmed.

_____