**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHUNG H. CHAN,

      Plaintiff - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Defendant - Appellee.

No. 16-4197
(D.C. No. 2:15-CV-00739-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.
_____

     Shung H. Chan appeals the district court's order dismissing his lawsuit against

the Commissioner of Internal Revenue.  We affirm.

**I. Background**

     Chan sued the Commissioner seeking a refund of his 2008 income taxes.  The

Commissioner moved to dismiss, arguing the district court lacked subject matter

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction because Chan did not file a timely refund claim under 26 U.S.C. § 6511. The district court agreed, and dismissed the case.

Chan argues the district court erred by (1) dismissing the case for lack of jurisdiction and (2) failing to rule on his motion to file documents under seal.[1] Chan also asks us "[t]o transfer the case to a different court if necessary/applicable." Opening Br. at 13.

## II. Jurisdiction

The district court found it lacked subject matter jurisdiction because Chan did not file a timely refund claim with the IRS, which is a jurisdictional prerequisite to a refund suit, *see* 26 U.S.C. § 7422(a); *Comm'r v. Lundy*, 516 U.S. 235, 240 (1996). We review this determination de novo, *COPE v. Kan. State Bd. of Educ.*, 821 F.3d 1215, 1220 (10th Cir. 2016), and agree that jurisdiction is lacking.

Two provisions govern the timeliness of a refund claim. *Lundy*, 516 U.S. at 240. First, the taxpayer must file the claim within three years after filing his tax return or two years after paying the tax, whichever happens later. 26 U.S.C. § 6511(a). Second, if the taxpayer filed the claim within the three-year period, the amount of the refund is limited to the portion of the tax paid in the three years "immediately preceding the filing of the claim . . . plus the period of any extension of time for filing the return." § 6511(b)(2)(A). But if the taxpayer did not file the claim within the three-year period, the amount of the refund is limited to the portion of the

---

[1] Chan appears pro se, so we liberally construe his pleadings and hold them to less stringent standards than those drafted by lawyers. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

tax paid in the two years "immediately preceding the filing of the claim."
§ 6511(b)(2)(B).

Chan does not say when he paid his 2008 income taxes. His return was due on April 15, 2009, *see* 26 U.S.C. § 6072(a), but according to Chan, he applied for a six-month extension and filed a timely return on October 15, 2009. He subsequently filed two refund claims, the first on October 15, 2012, and the second on April 15, 2013.

Chan filed his first refund claim exactly three years after his return. Nevertheless, the district court found this claim was untimely under § 6511(a). It reasoned that Chan had failed to show he actually applied for an extension, so his return was late. We disagree with this analysis. Nothing in the language of § 6511(a) suggests a return must be timely to trigger the three-year limitation period for filing a refund claim, *see* § 6511(a), and courts have almost unanimously held otherwise, *see Richards v. Comm'r*, 37 F.3d 587, 590 n.7 (10th Cir. 1994) (citing Rev. Rul. 76-511, 1976-2 C.B. 428, and recognizing, "if a claim is filed simultaneously with a return, then the courts that have considered this issue have almost unanimously held the claim is considered filed within three years from the filing of the return even though the return was due years earlier"); *Omohundro v. United States*, 300 F.3d 1065, 1069 (9th Cir. 2002) ("[U]nder I.R.C. § 6511(a), a taxpayer's claim for credit or a refund is timely if it is filed within three years from the date his income tax return is filed, regardless of when the return is filed."); *Weisbart v. U.S. Dep't of Treas.*, 222 F.3d 93, 95 (2d Cir. 2000) (same), *abrogated*

3

*on other grounds by United States v. Mead Corp.*, 533 U.S. 218, 234 (2001).

Because Chan filed his first refund claim within three years after filing his 2008 tax return, this claim was timely under § 6511(a) whether or not he applied for an extension.

Indeed, the Commissioner never argued otherwise.[2]  Rather, he argues Chan's first refund claim was untimely under § 6511(b).  We agree.  As noted above, even when a taxpayer files a refund claim within § 6511(a)'s three-year period, § 6511(b)(2)(A) limits the amount of any refund to the portion of the tax paid in the three years prior to the claim, plus any extension for filing the return.  Chan has never alleged that he paid any tax between April 15, 2009, and April 15, 2013, so his first refund claim was untimely under § 6511(b).

The district court did not specifically address Chan's second refund claim, but by finding his first refund claim untimely under § 6511(a), it implicitly found his second claim—which was filed six months later—untimely for the same reason. There is no dispute that Chan filed his second claim more than three years after his return, so we agree this claim was untimely under § 6511(a).

In an effort to avoid these time limits, Chan argues that "from 2008 to 2016" he was financially disabled under § 6511(h).  Opening Br. at 11.  That subsection suspends the time limitations in § 6511(a) and (b) during any period an "individual is unable to manage his financial affairs by reason of a medically determinable physical

---

[2] The Commissioner argued in his motion to dismiss that Chan's second refund claim was untimely under § 6511(a) and his first refund claim was untimely under § 6511(b).  *See* R. Vol. 1 at 13-14.

or mental impairment . . . which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." § 6511(h)(1), (2)(A). Chan made this argument in the district court and the Commissioner responded to it, but neither the magistrate judge nor the district court addressed it. Although it is our general practice to remand for the district court to resolve such issues in the first instance, *see Evers v. Regents of Univ. of Colo.*, 509 F.3d 1304, 1310 (10th Cir. 2007), we exercise our discretion to address the issue because it has been fully briefed and presents only a question of law, *see Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases."); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1538 (10th Cir. 1996) (resolving an issue that involved "a purely legal question" for the first time on appeal).

Under § 6511(h)(2)(A), "[a]n individual shall not be considered to have [a financially disabling] impairment unless proof of the existence thereof is furnished in such form and manner as the [IRS] may require." The IRS, in turn, requires a physician's statement containing certain information "to be submitted with a claim for . . . refund of tax to claim financial disability." Rev. Proc. 99-21, 1999-17 I.R.B. 18. Specifically, the statement must come from a physician "qualified to make the determination" and set forth:

> (a) the name and a description of the taxpayer's physical or mental impairment;

5

> (b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;
> (c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;
> (d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented . . . from managing the taxpayer's financial affairs; and
> (e) [a] certification, signed by the physician.

*Id*.

Chan alleged in his complaint that he submitted "a physician's statement proving financial disability" with his April 15, 2013, refund claim. *See* R. Vol. 1 at 5. But he does not describe the contents of the statement or argue that it met these requirements, so his allegations are insufficient to show financial disability under § 6511(h). *See* § 6511(h)(2)(A). Although Chan argues he now "has enhanced evidence for claiming financial disability," *see* Opening Br. at 5, the district court cannot make a determination of financial disability if he did not first provide the requisite proof to the IRS, *see Abston v. Comm'r*, 691 F.3d 992, 995 (8th Cir. 2012).

In short, both of Chan's refund claims were untimely, and Chan failed to allege facts sufficient to show financial disability. We therefore agree with the district court that it lacked jurisdiction over Chan's lawsuit.

### III. Motion to File Under Seal

Chan argues the district court erred by failing to rule on his motion to file certain documents under seal. Specifically, Chan sought "leave to file materials pertaining to taxpayer and/or medical information under seal due to their sensitivity."

6

R. Vol. 1 at 42. The district court did not rule on Chan's motion, but based on its disposition of the case, we deem the motion denied. Under the circumstances, this would not have been an abuse of discretion. *See United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) ("We review for an abuse of discretion the district court's decisions regarding whether to seal or unseal documents.").

First, Chan has not shown sealing the documents would have been warranted. There is "a common-law right of access to judicial records." *Id*. "Although this right is not absolute, there is a strong presumption in favor of public access." *Id*. (internal quotation marks and citations omitted). A party seeking leave to file documents under seal "bears the burden of showing some significant interest that outweighs the presumption" of public access. *Id*. (internal quotation marks omitted). Chan does not identify the documents he seeks to file under seal with any specificity, nor does he explain why his interest in keeping them sealed outweighs the presumption of public access.

Second, we have no reason to believe that allowing Chan to file the documents under seal would have changed the result. *See* Fed. R. Civ. P. 61 ("[T]he court must disregard all errors and defects that do not affect any party's substantial rights."). Chan argues the documents would have shown he sought an extension to file his 2008 tax return, but this is irrelevant to the timeliness of his refund claims. Chan's first claim was untimely because he did not allege that he paid any tax in the three (or even three-and-a-half) years prior to the claim, *see* § 6511(b)(2)(A), and his second claim was untimely because Chan filed it more than three years after his return, *see*

§ 6511(a).  Both are true whether or not Chan had an extension.  Chan also argues he would have submitted evidence showing he "was financially disabled from 2008 to 2016," Opening Br. at 11, but he does not allege that he provided this evidence to the IRS with his refund claims.  As explained above, Chan's failure to do so precludes the district court from making a determination of financial disability.  *See Abston*, 691 F.3d at 995.

## IV. Conclusion

We affirm the district court's order of dismissal.

We deny Chan's request to transfer the case to another court.  Because Chan did not file a timely refund claim with the IRS, he cannot maintain his refund suit in any court.  *See* § 7422(a).

Entered for the Court


Mary Beck Briscoe
Circuit Judge