IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| ERICA SKADSEN, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 250399G |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

On cross-motions for summary judgment, this case concerns the refundability of an

overpayment claimed over three years after the original filing deadline. Plaintiff appeals

Defendant's Written Objection Determination Notice of Refund Denial, dated February 18,

2025. The tax year at issue is 2020.

I. FACTS AND LEGAL BACKGROUND

The filing deadline for 2020 personal income tax returns was postponed by Defendant's

director until May 17, 2021, due to the COVID-19 emergency. Revenue Director's Order 2021-

01, April 1, 2021. Plaintiff requested and received an extension to file her 2020 return on

October 15, 2021. (Compl at 3.) Three years later--on October 15, 2024--she mailed a return to

Defendant claiming a refund. (*Id*.) Defendant denied that claim pursuant to ORS 314.415(2)(a)

because the return was received more than three years after its original due date.

Plaintiff faced multiple personal challenges affecting her health. (Ptf's Mot Summ J at 1-

2; Def's Mot Summ J at 1.) Her challenges over a period extending from December 2023 to

October 2025 are documented in a letter from a licensed clinical social worker dated

November 7, 2025.  (Ptf's Response, Attached Ltr.)

Additional facts related to Plaintiff's claims appear where relevant in the analysis below.

## II.  ANALYSIS

The ultimate issue in this case is whether Plaintiff is barred from receiving a refund of a 2020 overpayment by ORS 314.415(2).[1]  Plaintiff argues that (1) she was within the three-year limit if her filing extension is included under section 6511(b)(2)(A) of the Internal Revenue Code (IRC); (2) the three-year limitations period was suspended because she was "financially disabled" under IRC section 6511(h); (3) she was misled by the Department of Revenue web page; and (4) certain other statutes might apply to her case.

A.      *Three-Year Limit on Refund Claims under ORS 314.415(2)*

Oregon's three-year limit for filing income tax refund claims is found in ORS 314.415(2).  That statute states, in relevant part:

> "(2)(a) The department may not allow or make a refund after three years from the time the return was filed, or two years from the time the tax (or a portion of the tax) was paid, whichever period expires later, unless before the expiration of this period a claim for refund is filed by the taxpayer in compliance with ORS 305.270. In any case, if the original return is not filed within three years of the due date, *excluding extensions*, of the return, the department may allow or make a refund only of amounts paid within two years from the date of the filing of the claim for refund. If a refund is disallowed for the tax year during which excess tax was paid for any reason set forth in this subsection, the department may not allow the excess as a credit against any tax occurring on a return filed for a subsequent year.

> "* * * * *

> "(c) If a taxpayer would qualify under section 6511(h) of the Internal Revenue Code for a suspension of the running of the periods specified for filing a claim for refund of federal income tax, the period specified in paragraph (a) of this subsection shall also be suspended.

> "* * * * *."

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to the 2019 edition.

ORS 314.415(2) (emphasis added).

The provision of ORS 314.415(2)(a) "excluding extensions" from the three-year period contrasts with IRC section 6511(b)(2)(A), which limits federal refund claims to "3 years plus the period of any extension of time for filing the return[.]" Because of "[t]he difference between the federal and state statutes of limitation," taxpayers filing more than three years after their original due date have "no state remedy" based on filing within three years of an extended deadline. *Webb v. Dept. of Rev.*, 19 OTR 20, 21 (2006) (*Webb II*).

While Plaintiff's time to claim a federal refund was extended due to IRC section 6511(b)(2)(A), this is an area where Oregon law differs from federal law. *See Webb II*, 19 OTR at 21. Under ORS 314.415(2)(a), Plaintiff's filing extension does not affect her time to claim a refund.

B.      *Financial Disability Under IRC Section 6511(h)*

The cross-reference in ORS 314.415(2)(c) is to the federal provision suspending the period of limitations for "financially disabled" taxpayers. IRC section 6511(h) states:

> "(h) *Running of periods of limitation suspended while taxpayer is unable to manage financial affairs due to disability.--*
>
> "(1) *In general.--*In the case of an individual, the running of the periods specified [in the statute for claiming refunds or credits] shall be suspended during any period of such individual's life that such individual is financially disabled.
>
> "(2) *Financially disabled.--*
>
> "(A) *In general.--*For purposes of paragraph (1), an individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require.

"(B) *Exception where individual has guardian, etc.*--An individual shall not be treated as financially disabled during any period that such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters."

(Emphasis in original.)

Section 6511(h)(2)(A) conditions relief on a taxpayer furnishing proof of impairment "in such form and manner as the Secretary may require." That "form and manner" is set forth in Revenue Procedure 99-21. *Abston v. Commissioner*, 691 F3d 992, 994 (8th Cir 2012) (so stating and noting Treasury Regulations establishing purposes of Revenue Procedures); *see also DesJardin v. Dept. of Rev.*, TC-MD 220354R, 2023 WL 8270900 at *2 (Or Tax M Div Nov 29, 2023) (applying Revenue Procedure 99-21).

Revenue Procedure 99-21 requires that a person claiming financial disability submit two statements with the refund claim, including "a written statement by a physician (as defined in [section] 1861(r)(1) of the Social Security Act, 42 USC [section] 1395x(r))" and a written statement by the signatory of the claim. Rev Proc 99-21 § 4. Section 1395x(r) of Title 42 of the United States Code limits the meaning of the term "physician" to medical doctors, osteopaths, dentists, podiatrists, optometrists, and chiropractors.[2] *See Green v. Commissioner*, 97 TCM

---

[2] In full, 42 USC section 1395x(r) states: "The term 'physician', when used in connection with the performance of any function or action, means (1) a doctor of medicine or osteopathy legally authorized to practice medicine and surgery by the State in which he performs such function or action (including a physician within the meaning of section 1301(a)(7) of this title), (2) a doctor of dental surgery or of dental medicine who is legally authorized to practice dentistry by the State in which he performs such function and who is acting within the scope of his license when he performs such functions, (3) a doctor of podiatric medicine for the purposes of subsections (k), (m), (p)(1), and (s) of this section and sections 1395f(a), 1395k(a)(2)(F)(ii), and 1395n of this title but only with respect to functions which he is legally authorized to perform as such by the State in which he performs them, (4) a doctor of optometry, but only for purposes of subsection (p)(1) and with respect to the provision of items or services described in subsection (s) which he is legally authorized to perform as a doctor of optometry by the State in which he performs them, or (5) a chiropractor who is licensed as such by the State (or in a State which does not license chiropractors as such, is legally authorized to perform the services of a chiropractor in the jurisdiction in which he performs such services), and who meets uniform minimum standards promulgated by the Secretary, but only for the purpose of subsections (s)(1) and (s)(2)(A) and only with respect to treatment by means of manual manipulation of the spine (to correct a subluxation) which he is legally authorized to perform by the State or jurisdiction in which such treatment is provided. For the purposes of section 1395y(a)(4) of this title and subject to the limitations and conditions provided in the previous sentence, such term includes a doctor of one of the arts, specified in such

(CCH) 1542 (2009) (disallowing financial disability claim where taxpayer was treated by clinical psychologist rather than physician).

Here, the sole third-party documentation of Plaintiff's alleged impairment is a letter from a licensed clinical social worker. Apart from whether that letter was submitted at the proper time and contained the required information, a licensed clinical social worker is not a "physician." *See* Rev Proc 99-21; 42 USC § 1395x(r). Because Plaintiff's proof is not in the form required by the Secretary of the Treasury, she cannot be considered financially disabled. *See* IRC § 6511(h)(2)(A); *Green*, 97 TCM (CCH) 1542.

C.      *Estoppel Argument*

Plaintiff alleges she was misled by the following statement on Defendant's web page:

> "Need more time to file? Did you file a federal extension Form 4868?
> Oregon recognizes your federal extension. If you requested a federal extension,
> you DO NOT need to request an Oregon extension."

(Ptf's Mot Summ J at 2.) Plaintiff argues that she "could not have known [she] was not filing [her] tax forms on time to obtain [her] refund due to relying upon this officially published information." (*Id*. at 3.)

In some cases, misleading conduct can give rise to an estoppel claim.[3] For such a claim to succeed, the taxpayer "must prove three elements: (1) misleading conduct on the part of the department; (2) taxpayer's good faith, reasonable reliance on that conduct; and (3) injury to taxpayer." *Webb v. Dept. of Rev.*, 18 OTR 381, 383 (2005) (*Webb I*).

/ / /

---

previous sentence, legally authorized to practice such art in the country in which the inpatient hospital services (referred to in such section 1395y(a)(4) of this title) are furnished."

[3] The statutes cited by Plaintiff in this regard, ORS 305.145 and 305.880, are inapplicable. Both concern waiver of interest or penalties when a taxpayer has been misled by a taxing authority's employee. Interest and penalties are not at issue here.

None of the three elements of estoppel is satisfied here. As to the first element, the statement is not misleading. It accurately describes the effect of a federal extension on the timeliness of an Oregon return; it says nothing about the extension's effect on an untimely return. As to the second element, relying on a statement about extending the period to file timely as a reason for postponing an untimely filing would not be "reasonable." *See Webb I*, 18 OTR at 383. As to the third element, the statement's assertion that Oregon recognizes federal extensions did not injure Plaintiff. Because ORS 314.415(2)(a) requires calculation of the three-year limit "excluding extensions," Plaintiff's time to claim a refund is not affected by whether or not she obtained an Oregon extension. Plaintiff has not made out an estoppel claim.

D.     *Other Statutes*

In her brief, Plaintiff makes rapid arguments inspired by ORS 305.270(6), ORS 305.422, ORS 305.145, and ORS 305.801, asking the court to "advise [her] if any of these rules can apply to [her] case." (Ptf's Mot Summ J at 3-4.) None of those statutes authorize the court to grant the relief Plaintiff seeks.

ORS 305.270(6) allows Defendant to agree with taxpayers to extend the time for considering written objections; it does not apply to the time for filing refund claims. ORS 305.422 allows the court to waive the penalty imposed by a county assessor for failing to file a real or personal property return; no such penalty is at issue here. ORS 305.145, as noted above, concerns waiver of interest by Defendant; no interest is at issue here.

ORS 305.801 concerns the authority of the Taxpayer Advocate rather than this court. The office of the Taxpayer Advocate is located within the Department of Revenue. ORS 305.800(1). Plaintiff requests "the opportunity to contact a Taxpayer Advocate to

///

determine if they might be able to issue an order to take action in my case." Plaintiff may inquire with Defendant how to contact the Taxpayer Advocate's office.

### III. CONCLUSION

Considering the documents on file in the light most favorable to Plaintiff, there are no genuine issues of material fact. *See* Tax Court Rule (TCR) 47 C. Plaintiff filed her Oregon return more than three years after its original due date excluding extensions. She has neither alleged the existence of proof sufficient to establish financial disability, nor made out an estoppel claim, nor identified any statute warranting relief. Defendant is barred by ORS 314.415(2)(a) from refunding any overpayment. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's summary judgment motion be granted and Plaintiff's be denied.

_____

*To appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court. Appeals are accepted by electronic filing; by mail at 1163 State Street, Salem, OR 97301-2563; and by hand delivery to 1241 State Street, Salem, OR, Floor 4R.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This Decision was signed by Magistrate Poul F. Lundgren and entered on April 6, 2026.*